**Suzanne Ogla BROUGHTEN, Plaintiff–Appellee,**

v.

**Grover VOSS et al., Defendants.**

**Ruden, Barnett, McClosky & Schuster, Movants–Appellants.**

No. 78–3125.

United States Court of Appeals, Fifth Circuit.

Jan. 20, 1981.

Gregory John Gore, Fort Lauderdale, Fla., for movants–appellants.

A. Clifton Black, Orlando, Fla., for plaintiff–appellee.

Before GODBOLD, TJOFLAT and SAM D. JOHNSON, Circuit Judges.

TJOFLAT, Circuit Judge:

This appeal arises from a dispute between a party in an action pending before the district court and her counsel. We reverse.

I

In 1975, appellant law firm agreed to represent Suzanne Ogle Broughten. Appellant's representation of Broughten was based upon the terms of a retainer agreement which provided for payment to the law firm at certain rates. Record, vol. 2, at 298. During the course of this representation, Broughten authorized appellant to

conduct litigation on her behalf in the federal district court for the Middle District of Florida. This litigation involves the federal securities laws; the jurisdiction relied upon by the district court in resolving the present dispute is alleged to be ancillary to the subject matter jurisdiction allowing the prosecution of that initial case.

While engaged in the securities litigation, Broughten fell behind in her payments to the law firm. The firm thereupon contacted her and encouraged Broughten to pay the outstanding balance of her account. *Id.* at 289–91. Appellant alleges that adequate payment was not forthcoming. The firm then informed Broughten of her outstanding balance as of the date of the firm's most recent accounting, and threatened to withdraw as her counsel in the pending lawsuit if payment was not made. Soon thereafter, appellant filed a motion to withdraw as Broughten's counsel in the suit pending before the district court; the ground for the motion was the allegation of Broughten's nonpayment. *Id.* at 273–74.

On April 27, 1977, the judge presiding over Broughten's district court action entered an order providing that if Broughten did not come forward with meritorious objections to counsel's motion, counsel would be allowed to withdraw for good cause. Broughten then presented a declaration in opposition to the motion to withdraw. *Id.* at 285. That declaration alleged an agreement between Broughten and counsel to proceed with the representation on payment of a certain amount, which was paid. Broughten also alleged that appellant used improper billing techniques in arriving at her balance due figure, and that her chances of prevailing in her lawsuit would be prejudiced if the firm were allowed to withdraw. The law firm responded to these allegations with a vehement denial. *Id.* at 284–88. Given this conflict, the judge ordered that Broughten's counsel file a statement detailing the financial relations between Broughten and appellant. The district court explained the reason behind this order as follows:

> The reason for this request by the court is to be able to ascertain if monies paid by

the plaintiff were for services to be rendered in this case and if so, whether such monies have already been expended in services rendered and also for this Court to be able to determine if the charges to date for services rendered in this case are reasonable.

*Id.* at 293. Apparently, the district judge was conditioning withdrawal of counsel upon resolution of the fee dispute.

Appellant law firm forwarded to the court those documents relevant to the financial relationship between Broughten and the firm. *Id.* at 295–330. Subsequently, the court entered an order finding the fees charged by appellant excessive and providing for a hearing if Broughten and the firm were unable to reach an amicable agreement adjusting the amount due. *Id.* at 331.

Appellant responded to this order with a letter, dated October 5, 1977, detailing the firm's unsuccessful attempt to negotiate with Broughten. The letter requested that the order for withdrawal be granted, and continued:

> Since the Court has already received all the data relevant to the fees charged by this law firm, we would be perfectly agreeable to the Court establishing a fee which it believes is reasonable and will agree not to seek from plaintiff any payments in excess of the fee determined by the Court. This offer is made in compliance with the Court's Order . . . .

*Id.* at 334–35.

The Court set a hearing date to resolve the fee dispute, and subsequently referred the matter to a magistrate for a report and recommendation. *Id.* at 340. After reviewing the magistrate's report, to which neither the firm nor Broughten filed objections, the judge disapproved it and ordered that appellant was not entitled to any further fees. That order referred to the firm as "plaintiff's former attorneys," and thus we read the order as granting the motion to withdraw. We note that implicit in this reading is a finding that the court believed resolution of the fee dispute to be a condition precedent to withdrawal. *Id.* at 347. This appeal followed.

## II

Appellant argues that the district court was without jurisdiction to enter the order resolving the fee dispute. Alternatively, appellant asserts that the district court abused its discretion in refusing the magistrate's recommendations. Because we believe the district court lacked jurisdiction, we only address appellant's first contention.

Appellant contends that the fee dispute entertained by the district court is collateral to the action bestowing subject matter jurisdiction on the court. As a result, the district court could not properly assume the power to address, *sua sponte*, the disagreement between Broughten and her law firm; to do so, the court must have an independent base of jurisdiction in the form of a separate action concerning the issue of fees. The propriety of appellant's desire to cease representing Broughten, the firm continues, was the sole issue presented by the motion to withdraw; any adventuring beyond the scope of this issue was necessarily an untoward assumption of power.

Appellee responds to this jurisdictional attack by relying upon a line of cases dealing with court supervision of client initiated substitution of counsel. By analogy, appellee argues that it is within the inherent power of the court to manage the lawsuit facing it, that implicit within this power is the responsibility to protect the parties before the court, and thus that when a party before the court is threatened with loss of counsel, it is within the jurisdiction of the court to condition withdrawal of counsel on the resolution of the fee dispute triggering the motion to withdraw.

It is true that there is a long tradition of sustaining jurisdiction to determine fees due an attorney dismissed by a client in a pending action. "When its intervention is asked for the substitution of an attorney, the court will hold the client to fair dealing, and will refuse its assistance to any attempt to take an unfair advantage of one of its officers. In this behalf courts have frequently and usually required the client to discharge the attorney's claim for services in the suit as a condition of substitution."

*Wilkinson v. Tilden*, 14 F. 778, 780 (2d Cir. 1883).

Admittedly, where an attorney is employed . . . and the clients desire to terminate the relations, the proper practice is to set a motion for substitution of counsel down for a hearing, notify the attorney of record of the motion, ascertain all that is due and owing him by reason of his services and expenses, and provide for the payment of his compensation, as a condition precedent to the allowance of the order of substitution.

*John Griffiths & Sons Co. v. United States*, 72 F.2d 466, 468 (7th Cir. 1934). See also *Woodbury v. Andrew Jergens Co.*, 69 F.2d 49, 50 (2d Cir. 1934).

The law seems well settled that a federal district court may condition the substitution of attorneys in litigation pending before it upon the client's either paying the attorney or posting security for the attorney's reasonable fees and disbursements, as these may be determined. This power resides in the federal court as ancillary to its conduct of the litigation.

*National Equipment Rental, Ltd. v. Mercury Typesetting Co.*, 323 F.2d 784, 786 (2d Cir. 1963) (citations omitted). See also *State of Iowa v. Union Asphalt & Roadoils, Inc.*, 409 F.2d 1239, 1242–1244 (8th Cir. 1969); *Doggett v. Deauville Corp.*, 148 F.2d 881, 883 (5th Cir. 1945).

The basis for exercise of this ancillary jurisdiction is the responsibility of the court to protect its officers, see *National Equipment Rental supra* at 786 n.1, and the power of the court "to do full and complete justice." *Union Asphalt supra* at 1244. Appellee believes it proper for the court to act similarly by intervening in a fee dispute between a client and withdrawing counsel, thus protecting the party before the court and doing full justice in the management of the lawsuit. We see a distinction, however, "between the case of a solicitor voluntarily withdrawing from a case and the case of a solicitor discharged by the client." *The Flush*, 277 F. 25, 30 (2d Cir. 1921). In the former case, it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel, and that the withdrawal of

counsel is for good cause. *See Goldsmith v. Pyramid Communications, Inc.*, 362 F.Supp. 694, 696 (S.D.N.Y.1973); *El Morro Food Distributors v. W. M. Tynan and Co.*, 223 F.Supp. 717, 718 (S.D.N.Y.1963). This by itself is adequate to protect the interests of the parties before the court and assure fair treatment of the court's officers. If, upon withdrawal, counsel is unable to secure payment for his services, the court may assume jurisdiction over a claim based on a charging lien over the proceeds of the lawsuit. *Doggett supra* at 883. That is not this case. Here, on its own initiative the court broached the subject of the reasonableness of fees. All that was before the court, however, was the propriety of the motion to withdraw. To stray from that issue was beyond the pale of existing jurisdiction, and thus must be a nullity. We add, perhaps unnecessarily, that it is elementary that a party cannot confer subject matter jurisdiction on a court, *Tatum v. Mathews*, 541 F.2d 161, 163 n.1 (6th Cir. 1976), and thus that counsel's letter acquiescing in the district court's actions, *supra* at 881, is irrelevant to determination of this appeal.

The district court's order is vacated and the cause remanded for proper resolution of the motion to withdraw.

VACATED AND REMANDED.