Shirley MORRELL, Dorothy Scott, on
behalf of themselves and all others
similarly situated

v.

Patricia Roberts HARRIS,[1] Secretary
of HEW.

Civ. A. No. 80–3514.

United States District Court,
E. D. Pennsylvania.

Jan. 26, 1981.

1. Richard Schweiker now has replaced Patricia Roberts Harris as Secretary of Health and Human Services.

Community Legal Services, Richard Weishaupt and David Giles, Philadelphia, Pa., for plaintiff.

Gary Tilles, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

### I. Introduction

This proposed class action challenges the defendant's policy on cost-of-living increases in Supplemental Security Income (SSI) benefits. Defendant does not apply the automatic cost-of-living increase provided by law to the disputed benefit amounts SSI recipients receive pending hearings on proposed reductions, suspensions, or terminations of their benefits.

Plaintiff is a recipient of SSI disability benefits under 42 U.S.C. § 1381 *et seq.* In December of 1979, the Social Security Administration notified Morrell that she was no longer eligible for SSI due to cessation of disability. Morrell timely requested a hearing on her eligibility. The social security regulations promulgated by the defendant provide that an SSI recipient who so requests a hearing after receiving notice of a proposed suspension, reduction, or termination of his or her benefits will continue to receive the benefits pending the hearing. 20 C.F.R. § 416.1336(b).

In 1974, the Social Security Act was amended to provide automatic cost-of-living increases in SSI benefit amounts. 42 U.S.C. § 1382f. Under section 1382f SSI benefits are automatically increased whenever Federal Old Age, Survivors, and Disability Insurance (Title II) benefits are increased for cost-of-living. Under the defendant's policy, as set forth in the SSI Claims Manual, SSI recipients receiving benefits pending a hearing do not receive a cost-of-living increase on the disputed amount of their benefits. Social Security Administration Claims Manual ¶ 13331(a) (1977).

On July 1, 1980, defendant authorized a cost-of-living increase in SSI benefits. Morrell did not receive this increase, for she was awaiting her hearing at that time. She filed this law suit to challenge defendant's policy against applying a cost-of-living increase to disputed benefit amounts received pending hearings. Morrell seeks to represent the class of similarly situated SSI recipients who receive benefits pending hearings but who do not receive cost-of-living increases. I will discuss the motion for a class certification in part IV of this opinion. Plaintiff also seeks a preliminary injunction, *see* part IV, *infra.* Defendant moves to dismiss on the basis of mootness, *see* part II, *infra,* and lack of subject matter jurisdiction, *see* part III, *infra.*

## II. Mootness

Morrell had a hearing on the issue of her continued disability and received a favorable determination in September 1980. As a result, she became entitled to the cost-of-living increase retroactive to July 1, 1980. It is unclear from the pleadings whether her benefit checks in fact have been increased. Defendant argues that her claim is moot since Morrell has become entitled to the entire cost-of-living increase.

Ordinarily, once a plaintiff obtains the relief sought, the controversy no longer exists. The case is moot. There is an exception, however, where the issue presented is capable of repetition yet evades review. *Moore v. Ogilvie,* 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969). In an individual case[2], the "capable of repetition yet evading review" doctrine applies where two elements are present: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975).

This doctrine applies to Morrell's claim. She seeks more than simply the retroactive payments of the cost-of-living increase to which she has now become entitled. She challenges defendant's stated policy which deprives SSI recipients of the increase in benefits for the period of time, here over two months, between the effective date of a cost-of-living increase and the date of receipt of the increase retroactively following a favorable hearing decision. It is highly unlikely that a constitutional and statutory challenge to this policy could be fully litigated in the relatively short time

---

**2.** Plaintiff has moved for class certification in this case, *see* part IV *infra.* If class certification is granted, Morrell's individual grievance need not exist throughout the litigation as long as the controversy over the legality of defendant's policy continues to exist and to affect the class. *Geraghty v. U. S. Parole Comm'n,* 579

F.2d 238 (3d Cir. 1978), *affirmed in relevant part, reversed in part,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). Instead, standing exists if the class and its adversary have "sufficient functional adversity to sharpen the issues for judicial resolution" at the time for decision. *Id.* at 246.

that the policy is directly applied to any one individual.

The second element of the doctrine is also present here. Section 1382f requires the Secretary to apply a cost-of-living increase to SSI benefit amounts whenever benefit levels of Federal Old Age, Survivors, and Disability Insurance (Title II) benefits are increased for cost-of-living. Under 42 U.S.C. § 415(i), those increases are determined by a formula dependent on evaluations of the Consumer Price Index.[3] In short, a cost-of-living increase is mandated where the Consumer Price Index is three percent higher than the Consumer Price Index of approximately a year earlier. Present inflation rates are such that there is a "reasonable expectation" that the Consumer Price Index will increase in the future by percentages high enough to mandate a cost-of-living increase for Title II recipients, and thus for SSI recipients as well.

There is also a "reasonable expectation" that Morrell will be subject again to the same deprivation she challenges here. The Social Security Administration can and does review the status of SSI disability recipients to determine their continued eligibility for SSI. Morrell faced such a review last year at the time the cost-of-living increase went into effect. Congress has amended the Social Security Act to require, effective in 1982, review of continued eligibility at least once every three years for recipients with non-permanent disabilities, and when appropriate, for recipients with permanent disabilities. Social Security Disability Amendments of 1980, Pub.L.No.96–265, § 311, 94 Stat. 441 (1980). It is thus reasonable to expect that Morrell, who has a psychiatric disability, may again be deprived of a future cost-of-living increase on benefits she is receiving pending a review of her continued eligibility. Cf. Phelps v. Harris, 86 F.R.D. 506 (D.Conn.1980) (medicare in-

surance claims case; defendant's burden to show allegations of future harm illusory not met where alleged wrongful behavior not reasonably expected to reoccur).

### III.  Subject Matter Jurisdiction

■ Defendant has moved to dismiss this action for lack of subject matter jurisdiction. The Social Security Act contains its own jurisdictional provision, 42 U.S.C. § 405(g), which is "[t]he only avenue for judicial review" of the defendant's decisions. Mathews v. Eldridge, 424 U.S. 319, 327, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976). Section 405(g) requires a plaintiff to present the claim to the Secretary and obtain from him a final decision on the claim as a prerequisite to court jurisdiction. Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). The presentation requirement can not be waived. Id. However full exhaustion of the administrative process can be waived either by the Secretary or by the court as long as some agency decision is obtained. Mathews v. Eldridge, 424 U.S. at 328, 96 S.Ct. at 899.

The purpose of this jurisdictional requirement is to prevent

premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.[4]

Weinberger v. Salfi, 422 U.S. at 765, 95 S.Ct. at 2466.

■ It is not necessary in every case for a plaintiff to exhaust fully all administrative review procedures in order to satisfy the final decision requirement. Mathews v. Eldridge, 424 U.S. at 328–329, 96 S.Ct. at 899. Where the plaintiff, as here, is chal-

---

3. The precise formula is set forth in 20 C.F.R. § 404.221.

4. For example, in a typical individual disability claim the agency clearly has expertise to resolve factual issues of medical incapacity. These factual determinations are not to be re-

versed by the courts unless there is no substantial evidence supporting them in the record. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); 42 U.S.C. § 405(g).

lenging an agency policy applied to all recipients, as opposed to making a claim unique to his or her individual situation, full individual exhaustion is not required. For example, in *Eldridge*, the Court held that "[i]t is unrealistic to expect that the Secretary would consider substantial changes in the current administrative review system at the behest of a single aid recipient . . . ." *Id.* at 330, 96 S.Ct. at 900. It would be similarly unrealistic to think that the Secretary would change an agency-wide policy applied to all recipients at the behest of a single claimant.

The Secretary's decision on cost-of-living increases has been made. The challenged policy is clearly set forth in the Claims Manual. The cost-of-living increase involves no individual determination of need—it applies automatically to all SSI recipients except those awaiting hearings. It is not significant that the challenge is to a policy which is within the Secretary's authority to change rather than to a statute over which the Secretary has no control. *Id.* at 330, 96 S.Ct. at 900. *Liberty Alliance for the Blind v. Califano*, 568 F.2d 333 (3d Cir. 1977). Although the Secretary apparently could change this policy on his own, it is unrealistic to expect that he would do so as a result of administrative review efforts by an individual plaintiff.

■ The question of whether a sufficiently final decision has been made for section 405(g) purposes is usually one for the Secretary. The court, however, may "make its own judgment as to whether the needs of the administrative process [have] been satisfied," especially where the plaintiff raises "at least a colorable claim that because of his physical condition and dependency upon the disability benefits, an erroneous [reduction] would damage him in a way not recompensable through retroactive payments." *Liberty Alliance for the Blind v. Califano*, 568 F.2d at 345, *quoting Mathews v. Eldridge*, 424 U.S. at 331, 96 S.Ct. at 900.

■ Plaintiff here claims that her sole source of income is SSI and that she is totally disabled. SSI provides a bare sub-

sistence level of support. *See* S.Rep.No.92–1230, 92 Cong., 2d Sess., 383, 384 (1972). Cost-of-living increases are mandated by law to maintain that bare subsistence level in the face of current high inflation rates. It follows that if the cost-of-living increase is denied, the payments inevitably fall below the current subsistence level. It is not clear how long SSI recipients wait for eligibility hearings but it appears from the pleadings to be a substantial amount of time. Morrell waited over eight months for a decision on her eligibility. If a claimant is found not disabled at a hearing, the Social Security Administration can attempt to recoup the money paid her pending the hearing. 20 C.F.R. § 416.501 *et seq.* If the claimant is disabled, denial of the cost-of-living increase could indeed cause irreparable harm. "[I]t is simply not true that a claimant for disability benefits, not infrequently in dire financial circumstances due to his disability, is truly made whole by retroactive payments which he has had to survive [long periods of time] without." *Caswell v. Califano*, 583 F.2d 9, 14 (1st Cir. 1978). Deference to agency judgment as to the need for full exhaustion is therefore inappropriate in such a case. *Mathews v. Eldridge*, 424 U.S. at 331, 96 S.Ct. at 900.

The defendant argues that plaintiff has not presented her claim within the meaning of section 405(g) since she did not individually request a cost-of-living increase from the agency before filing suit. However, plaintiff's counsel contacted at least three officials of the Philadelphia office of the Social Security Administration about the challenged policy before filing suit. The response was that no cost-of-living increase will be applied to persons receiving benefits pending hearings on proposed reductions, suspensions, and terminations of their benefits. *See* Attachments to Complaint. In addition, on November 21, 1980, Morrell's counsel wrote to the Secretary of Health and Human Services challenging the policy and specifically requesting that Morrell receive immediate payment of the cost-of-living increase. *See* Exhibit A, Motion to Intervene, December 3, 1980. *Cf. Mathews*

*v. Diaz*, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976) (held: plaintiff presented claim, challenge to requirements for alien eligibility for medicare, by filing a medicare application with the Secretary *after* suit was filed in court).

The presentation requirement of section 405(g) has been construed liberally. In *Mathews v. Eldridge*, 424 U.S. at 329, 96 S.Ct. at 900, the Supreme Court held that the plaintiff had sufficiently presented his constitutional claim, that he had a right to a hearing before termination of his social security disability insurance benefits, simply by notifying the agency that, contrary to its determination, he was still disabled. His failure to raise the constitutional claim to a pre-termination hearing was not fatal to the court's jurisdiction. In *Caswell*, the plaintiffs challenged the long delays they endured waiting for hearings on their disability benefit applications. The court held that the claim had been presented to the Secretary by definition since all plaintiffs had filed claims for benefits. *See also Ellison v. Califano*, 546 F.2d 1162 (5th Cir. 1977) (challenge to SSI rule treating recipient couples as married for six months after separation; claim presented when plaintiff reported separation to agency even though she did not raise constitutional issue or request reconsideration or formal hearing); *Tatum v. Mathews*, 541 F.2d 161 (6th Cir. 1976) (recipients of state disability benefits presented claim to pre-termination hearing by fact that they were automatically shifted to SSI for one year when SSI program was first enacted); *Johnson v. Mathews*, 539 F.2d 1111 (8th Cir. 1976).

▮ The purpose of the presentation requirement is to obtain a decision from the agency. The agency has considered and spoken on this issue. Its policy is clear. Where the plaintiff has received an answer, it would be an exercise in futility to require her to return to the agency merely to repeat the question. Such an exercise would not only "be futile for the [recipient], but would also be a commitment of administrative resources unsupported by any administrative or judicial interest." *Weinberger v.*

*Salfi*, 422 U.S. at 765–766, 95 S.Ct. at 2467. Therefore Morrell's failure to make an individual personal request to the agency for a cost-of-living increase before filing suit does not preclude subject matter jurisdiction.

▮ Defendant also relies on the doctrine of primary jurisdiction to support his motion. This doctrine calls for courts to refer to agencies issues involving "technical questions of fact uniquely within the expertise and experience of an agency." *Nader v. Allegheny Airlines*, 426 U.S. 290, 304, 96 S.Ct. 1978, 1987, 48 L.Ed.2d 643 (1976). The claim here is not highly technical. The issue is one of statutory construction of section 1382f. Statutory construction is one of the traditional tasks of the judiciary. Referral to the agency is thus not appropriate in this case.

I will therefore deny the defendant's motion to dismiss for lack of subject matter jurisdiction.

### IV. Class Certification

▮ Plaintiff seeks to maintain this action as a class action under Fed.R.Civ.P. 23(a) and (b)(1) and (2). Certification is sought for the class consisting of all persons who continue to receive SSI benefits pending hearings on their continued eligibility for payment and who would receive a cost-of-living increase but for defendant's challenged policy. The Social Security Act does not preclude class actions in social security cases. *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). Class certification and relief are especially apt where a case turns on "questions of law applicable in the same manner to each member of the class." *Id.* at 701, 99 S.Ct. at 2557. Certification of a nationwide class, as is sought here, is acceptable where such certification will not improperly interfere with litigation of similar issues in other judicial districts. *Id.* at 702, 99 S.Ct. at 2558. No similar litigation in other judicial districts has been brought to my attention.

Defendant argues that a nationwide class should not be certified because litigation of

the suit by a national class would prevent evaluation of the policy by different courts in different factual contexts. This argument is specious. The issue here is whether defendant's national policy on cost-of-living increases violates the Constitution, the Social Security Act and/or the regulations promulgated thereunder. No individual factual determinations are involved.

There is no question that most of the requirements of rule 23 are met in this case. The validity of defendant's policy is a question of law common to the entire class, rule 23(a)(2). Morrell sought the cost-of-living increase and was denied it because of defendant's policy; her claim is typical of those of the class, rule 23(a)(3). Defendant does not contest her ability to protect fairly and adequately the interests of the class, rule 23(a)(4). Defendant's policy is applied nationwide to all SSI recipients. He has thus acted on grounds generally applicable to the class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole, rule 23(b)(2).

The only issue is whether plaintiff has complied with the prerequisite of numerosity set forth in rule 23(a)(1). Under *Yamasaki* each member of a proposed class must satisfy the presentation requirement of section 405(g). This requirement has not been satisfied; therefore I will not certify the class at this time. Instead, I will allow discovery on the number of recipients who presented the issue of their eligibility for the cost-of-living increase to the Secretary.[5]

### V. Intervention

On December 11, 1980, Marie Nastri moved to intervene as a plaintiff. Because of the unusual sequence of events present in her case, I find her intervention into this lawsuit would add nothing but confusion. Therefore I will deny her motion.

On December 3, 1980, Betty Osborne and John Hall moved to intervene as plaintiffs. Osborne and Hall are both residents of Washington state. If, through discovery, Morrell demonstrates that the proposed class meets the numerosity requirement of rule 23(a)(1), it may be desirable to grant the motion of Hall and Osborne to intervene as representatives of SSI recipients in other parts of the country. I will defer ruling on the motion to intervene until the class certification issue is resolved.

---

5. On behalf of herself and the class, plaintiff moved to enjoin defendant from applying the challenged policy to deny cost-of-living increases to class members. Morrell has been found disabled and thus entitled to the cost-of-living increase retroactive to July 1, 1980. No class is now certified. Morrell has no present need for preliminary injunctive relief. I therefore will deny her motion. The denial is without prejudice to plaintiff's right to renew her motion on behalf of herself and/or the class, if certified, should preliminary injunctive relief later become necessary.