**FEDERAL TRADE COMMISSION,**
**Plaintiff,**

v.

**INTELLIPAY, INC., et al., Defendants.**

**Civ. A. No. H–92–2325.**

United States District Court,
S.D. Texas,
Houston Division.

Feb. 8, 1993.

James E. Elliott, F.T.C., Robin Donsky, F.T.C., Dallas, TX, for plaintiff.

Gerald Peter De Nisco, Gerald P. De Nisco & Assoc., Houston, TX, for defendants.

Terry Swofford, pro se.

MEMORANDUM AND ORDER

ROSENTHAL, District Judge.

Pending before this court is the motion of De Nisco & Associates and Gerald P. De Nisco (collectively referred to as "De Nisco") to withdraw as counsel of record. (Docket Entry No. 96). After careful review of the facts, parties' submissions, and applicable case law, this court finds that this motion must be denied. Also pending before this court is defendants' motion to extend time for filing a response to plaintiff's motion for summary judgment. (Docket Entry No. 97). The court grants this motion; defendants must file a response within ten days from the date of this Order.

■ Attorneys normally are expected to work through the completion of a case. *In the Matter of Wynn,* 889 F.2d 644, 646 (5th Cir.1989); *Streetman v. Lynaugh,* 674 F.Supp. 229, 234 (E.D.Tex.1987). An attorney of record may only withdraw by leave of court upon a showing of good cause and

reasonable notice to the clients. *Wynn*, 889 F.2d at 646; *Streetman*, 674 F.Supp. at 234. Whether leave is granted is a matter within the trial court's sound discretion. *Wynn*, 889 F.2d at 646. The record must generally reflect an appropriate basis for granting leave; unsubstantiated claims are insufficient. *Cf. Streetman*, 674 F.Supp. at 234.

 In the present case, De Nisco asserts two grounds for withdrawal: (1) defendants' failure to pay their attorney fees; and (2) De Nisco's "prejudice" in representing defendants. Neither of these reasons are adequate for granting leave to withdraw.

De Nisco apparently received a $10,000 retainer at the beginning of this case. De Nisco now claims, without providing any facts, that defendants have not paid for legal services rendered. (Docket Entry No. 96, p. 2). Given the initial retainer and the lack of evidence presented by De Nisco, this ground does not support withdrawal.

De Nisco also alleges "prejudice" because of a lack of communication with defendants. De Nisco does not state why this lack of communication exists, and does not allege that defendants have resisted his efforts to communicate or prepare a defense. De Nisco was certainly communicating with defendants at and in preparation for the preliminary injunction hearing on November 11 and 12, 1992, and up through December 23, 1992, when De Nisco filed a post-hearing memorandum. (Docket Entry No. 86). The court finds that this is not an unduly long period of time, particularly considering the procedural posture of this case. Given these facts, this court cannot find that De Nisco's ability to represent defendants has been prejudiced so as to justify withdrawal.

This court also finds that hardship would be imposed on the trial court, plaintiff, and defendants if counsel is permitted to withdraw approximately one month before trial. *Cf. Broughten v. Voss*, 634 F.2d 880, 882–83 (5th Cir.1981) ("it is incumbent on the court to assure that the prosecution of the lawsuit is not disrupted by the withdrawal of counsel...."). Given the hardship and the conclusory assertions offered to support the motion to withdraw, the court denies the motion.

Defendants are ordered to respond to the FTC's summary judgment motion within ten (10) days from the date of this Order.

Also pending before this court is plaintiff Federal Trade Commission's Motion for Expedited Consideration of the defendants' Motion to Extend Time for Responding to plaintiff's Motion for Summary Judgment. This motion is denied as moot.