**UNITED STATES of America**

v.

**Klaus Ernst BUHLER**

**No. 3:02–CR–13–J–12TEM.**

United States District Court,
M.D. Florida,
Jacksonville Division.

March 20, 2003.

Stephen H. Rosen, Law Offices of Stephen H. Rosen, P.A., Miami, FL, Klaus

Ernst Buhler, Teresa J. Sopp, Law Office of Teresa J. Sopp, Jacksonville, FL, William M. Kent, Law Office of William M. Kent, Jacksonville, FL, for Klaus Ernst Buhler (1), (Custody) (German Interpreter Required), defendant.

## ORDER

MORRIS, United States Magistrate Judge.

This case is before the Court on Defendant Klaus Ernst Buhler's motion to terminate and substitute counsel (Doc. # 65) and subsequent motion asking the Court to resolve a fee dispute prior to allowing counsel to withdraw (Doc. # 67).[1] A hearing was held on the request to terminate counsel on February 26, 2003. (*See* Doc. # 66, Clerk's Minutes.) Defendant filed a supplemental memorandum (Doc. # 72) and the counselor at issue filed a memorandum in opposition to the Court intervening as to the fee question (Doc. # 73).

*Background:* Defendant, a citizen of Germany, was arrested on January 10, 2002, and a complaint filed that day (Docs. # 1 & # 2). Defendant requested appointed counsel and the Federal Defender's Office was appointed to represent him (Doc. # 4). An Indictment was returned against Defendant on January 17, 2002 (Doc. # 10). On March 5, 2002, a notice of appearance was filed by attorney Stephen H. Rosen of Miami (Doc. # 19) and the next day a notice of appearance was filed by Bijan Parwaresch (Doc. # 21). An order allowing substitution of counsel and terminating the Federal Defender's representation was entered on March 8, 2002 (Doc. # 24).

Trial of the case was continued for several months upon motion of the Defendant (Docs. # 25 & # 26). After Defendant developed health problems, his counsel again sought and obtained continuance of the trial (Docs. # 30, # 31 & # 36). A signed plea agreement was filed December 4, 2002 (Doc. # 47). Because Defendant needed surgery, the plea proceeding was continued (Docs. # 51 & # 52). At a hearing on February 11, 2003, the Defendant announced he wished to proceed to trial and maintain his plea of not guilty (Doc. # 61). He also filed a motion to terminate representation by Bijan S. Parwaresch (Doc. # 62), which was granted (Doc. # 64). Two days later, William Mallory Kent filed the notice of termination of attorney Rosen (Doc. # 65). No notice of appearance was filed at that time, however, by attorney Kent.[2] A hearing on the motion was scheduled for February 26, 2003. Mr. Rosen was allowed to appear by telephone. At the hearing, Mr. Kent orally asked the Court to delay ruling on the termination so that he could ask the Court to rule on an alleged dispute concerning the fee money paid by the Defendant's parents in Germany to Mr. Rosen. Mr. Kent then filed a supplemental request to that end (Doc. # 67).

---

1. Defendant's motions are entitled "Defendant Buhler's Notice of Intent to Terminate Counsel and Intent to Request Permission of Court to Substitute Counsel Plus Request for Immediate Hearing Regarding Substitution of Counsel" (Doc. # 65), "Defendant Buhler's Supplemental Request for Court to Resolve Fee Dispute Prior to Allowing Counsel to Withdraw" (Doc. # 67) and "Defendant Buhler's Supplemental Memo in Support of Request for Court to Resolve Fee Dispute Prior to Allowing Counsel Rosen to Withdraw"

(Doc. # 72). The Court will construe each of these documents as motions for the Court's consideration. The Court would note that Mr. Rosen has not filed a motion to withdraw, rather his service was terminated by his client.

2. Mr. Kent filed notice of appearance on February 27, 2003 (Doc. # 68), and co-counsel Teresa J. Sopp filed a notice of appearance on February 28, 2003 (Doc. # 69)

During the hearing, the Court noted the only case cited by Defendant was a civil, rather than criminal, case and offered each attorney time to file additional memoranda of law. Defendant filed a supplemental memorandum on March 5, 2003 (Doc. # 72) and Mr. Rosen filed a response on March 10, 2003 (Doc. # 73).

■ *Analysis:* There is no question that Defendant is entitled to representation by counsel under the Sixth Amendment to the Constitution. As noted in *Gideon v. Wainwright,* 372 U.S. 335, 339, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." If necessary, he would be entitled to appointment of counsel. *Id.* at 335, 83 S.Ct. 792. Generally, the Sixth Amendment allows a defendant the opportunity to retain the counsel of his choice, although not without limit. *Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988), *United States v. McCutcheon,* 86 F.3d 187, 189 (11th Cir.1996). In this case, although it is possible the change in counsel might cause some additional delay, the Court cannot find any reason that Defendant's request to terminate counsel should not be granted. Mr. Kent and Ms. Sopp have filed notices of appearance so Defendant may proceed with representation.

■ The remaining question is whether the Court should become involved in the fee dispute prior to ruling on the termination. The only basis for the Court to become involved in the fee dispute would be under its ancillary jurisdiction. Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and statutes. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). There is a presumption that a cause lies outside the limited jurisdiction and the burden of establishing the contrary lies on the party asserting jurisdiction. *Id.* The Supreme Court has allowed ancillary jurisdiction for two separate purposes: (1) to permit disposition in a single court of claims that are factually interdependent and (2) to enable a court to function successfully, "that is manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 380, 114 S.Ct. 1673.

In asking the Court to rule on the fee dispute, Defendant cites two cases. In *Sweeney v. Athens Regional Medical Center,* 917 F.2d 1560 (11th Cir.1990), the court was attempting to administer a settlement fund after resolution of a civil case. The court found it could resolve the interest of one firm which was not a party to the case under ancillary jurisdiction because no one else in the case had reason to represent the firm's interests. The fund was in the control of the court. In *United States v. Weissman,* 1997 WL 334966 (S.D.N.Y.1997), the court held that ancillary jurisdiction also is available in a criminal case. In *Weissman,* the court had tried a criminal case against the chief executive officer of a non-profit corporation which under its bylaws had agreed to pay his attorney fees and expenses. After the defendant was convicted at trial, the corporation declined further payment and instituted a declaratory judgment action in state court claiming it had no further obligation to cover defendant's legal costs. The court found civil cases involving fee disputes were relevant and held it had ancillary jurisdiction to resolve the matter, even though the non-profit corporation was not a party to the underlying criminal case. The *Weissman* court found resolution of the fee question was necessary to provide a fair resolution of the criminal case on the basis that the fees were intertwined with the conduct of the defense, and to allow the court to administer its proceedings. *Id.* at *6. The court rea-

soned that if it did not exercise ancillary jurisdiction, it would either have to stay the criminal proceedings until the state action was resolved, thus losing control of the timing of the remaining criminal proceedings (i.e. the sentencing and the appeals phases), or permit sentencing and post trial motions to proceed without resolution of the fee question, which might impact Weissman's defense. *Id.* at *7. Further, the court reasoned that a stay might adversely impact the defendant who essentially would have the burden of litigating both the civil and criminal cases at the same time while worrying who would pay for the costs. *Id.*

Mr. Rosen relies upon *United States v. Polishan,* 19 F.Supp.2d 327 (M.D.Pa.1998), in which the court found it did not have jurisdiction over the defendant's former employer and its insurer to compel them to pay his legal expenses. In *Polishan,* the court stated that the *Weissman* opinion had failed to address the constitutional limitations of ancillary jurisdiction. *Polishan, supra,* 19 F.Supp.2d at 333. The court noted that the facts of the fee dispute had no common nucleus with the facts of the criminal case, the employer and insurer were not parties to the criminal case, that the court did not have control over the property. *Id.* Further, the court noted that the fact that the defendant's defense might be impaired does not create ancillary jurisdiction, as many defendants find themselves in financial difficulty during the pendency of a case. The defendant has the right to seek court-appointed counsel, the court held, but he does not have the right to disrupt a criminal proceeding by interjecting a state law breach of contract action. *Id.*

■ This Court does not dispute that ancillary jurisdiction may be available on some issues in a criminal case (*see, e.g., Rufu v. United States,* 20 F.3d 63, 65 (2d Cir.1994) (jurisdiction existed to resolve issue of seized property)), nor that fee disputes may present an appropriate matter for ancillary jurisdiction in civil cases (*see, e.g., Novinger v. E.I. DuPont de Nemours & Co., Inc.,* 809 F.2d 212, 217–8 (3d Cir.1987) (fee disputes in civil cases often cannot be resolved during the pendency of the case)). However, the Court does not believe that fee disputes automatically create ancillary jurisdiction. In *Broughten v. Voss,* 634 F.2d 880 (5th Cir. 1981)[3] attorneys for a civil client sought to withdraw for nonpayment of fees. The district court ruled on the fee dispute. The Fifth Circuit stated there is a tradition of sustaining jurisdiction to determine fees when an attorney is dismissed by a client in a pending action, on the basis that it is the court's duty to protect its officers. *Id.* at 882. Since the attorney had sought to withdraw, the court held the district court should not have intervened in the fee matter. *Id.* at 883.

In the instant case, although Mr. Rosen was terminated, he has not asked the Court to intervene to protect his interests. Unlike civil cases in which attorney fees may rest upon the outcome of the case (*see, e.g., Novinger, supra,* 809 F.2d at 217–8), payment of fees in criminal cases is usually made prior to the representation beginning.

Thus, in this case, Mr. Rosen's services have been terminated. None of the property in question is in the hands of the Court. The parties to the contract that appears at issue are the Defendant's parents, who reside in Germany, and Mr. Rosen, who is from Miami; thus neither party is in this district. The contract ap-

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

parently was not signed in this district. The Defendant has new counsel who have indicated they are ready to proceed.[4] Unlike *Polishan, supra,* 19 F.Supp.2d at 332, the dispute here is not with a third party, but rather is with an attorney who had entered an appearance. Nonetheless, the property itself is not before the Court.

The Defendant (or his parents) will not be without remedies if the Court declines to intervene. Those remedies arguably could include state court action, federal court action in the Southern District of Florida, litigation in Germany, or a grievance with The Florida Bar. Those actions would not interfere with Defendant's proceeding to trial or plea in this case. Under these circumstances, the Court does not believe ancillary jurisdiction is either necessary or prudent to exercise. Indeed, adding the fee dispute to the case before this Court could only interfere with the resolution of the case.

Thus, the Court does not find the purposes set forth by the Supreme Court in *Kokkonen, supra,* 511 U.S. at 377, 114 S.Ct. 1673, for ancillary jurisdiction would be fulfilled by ruling on the fee dispute in this case. The claims are not factually interdependent and ruling on the fee would not assist the Court in functioning successfully in the underlying case.

Thus, the Court will **GRANT** the motion to terminate counsel (Doc. # 65), but **DENY** the request to resolve the fee dispute in the case (Docs. # 67 & # 72).

---

4.  New counsel indicated that they expect the Defendant will still enter a guilty plea. In a Motion to Compel File Material From Previous Counsel (Doc. # 74), Ms. Sopp indicates a final plea agreement has been negotiated.