**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 16, 2003**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

02-30995
Summary Calendar

ROSHAN ASSOCIATES, INC.,

Plaintiff-Appellant,

VERSUS

MOTIVA ENTERPRISES; STAR ENTERPRISES,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana
( 01-CV-2649 )

Before JONES, DUHÉ and CLEMENT, Circuit Judges.

PER CURIAM:[1]

This case requires us to determine whether the district court abused its discretion in granting a motion by counsel for a corporate plaintiff to withdraw, and whether the district court erred in granting Defendants' motion for summary judgment after the corporate plaintiff was unrepresented. Plaintiff is represented by counsel in this appeal. We find no abuse of discretion in allowing counsel to withdraw and no error in proceeding with the pending

---

[1]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

motion.  We affirm.

## I.  Motion to Withdraw

This case was set for trial and Defendants' summary judgment motion was calendared when counsel for Plaintiff-Appellant Roshan Associates, Inc., moved to withdraw on July 29, 2002.  The motion by Defendants-Appellees Motiva Enterprises and Star Enterprises for summary judgment had been set for hearing on August 7.  A July 30 deadline for opposition briefs passed without any submission by Plaintiff.  On August 1 the district court held a status conference with attorneys for Roshan and Defendants, as well as the president of Roshan, Mr. Cheema, who is not an attorney.  At that conference the district court continued the summary judgment hearing to August 21, and extended the deadline for Roshan's opposition to August 15.

Though no opposition had been filed yet on behalf of Roshan, the district court granted Roshan's counsel's motion to withdraw on August 9.  On August 15, the district court again extended Roshan's deadline for filing an opposition, and continued the hearing to August 28.[2]  Mr. Cheema filed an opposition memorandum, purportedly on behalf of Roshan.  On August 28, the district court entered summary judgment for Defendants.

We review the grant of a motion to withdraw for abuse of

---

[2]  The court prefaced this order with the statement,  "Attorney, Darryl A. Derbigny, has informed the Court this date that he intends to enroll as counsel for plaintiff and has requested an extension of time on the deadline for submitting an opposition to defendants' motion for summary judgment."
Derbigny never enrolled as counsel of record for Roshan.

discretion.  <u>Whiting v. Lacara</u>, 187 F.3d 317, 320 (2d Cir. 1999); <u>Washington v. Sherwin Real Estate, Inc.</u>, 694 F.2d 1081, 1087 (7th Cir. 1982).  An abuse of discretion is established if no reasonable person could agree with the district court.  <u>Washington</u>, 694 F.2d at 1087; <u>see</u> <u>also</u> <u>Friends for Am. Free Enter. Assoc. v. Wal-Mart Stores, Inc.</u>, 284 F.3d 575, 578 (5th Cir. 2002).

Roshan argues that the motion to withdraw was deficient because it failed to give a reason for withdrawal or because counsel lacked good cause to withdraw.  Although jurisprudence requires that a court must assure itself that the withdrawal is "for good cause," <u>Broughten v. Voss</u>, 634 F.2d 880, 882-83 (5th Cir. 1981), neither Local Rule 83.2.11[3] nor the jurisprudence requires that counsel set forth the reason in the motion.

The cause for counsel's withdrawal is not apparent in the record and is therefore not subject to review.  The record does reflect that the judge held a status conference for the express purpose of discussing the motion.  We infer from this circumstance that the district judge considered the reason for the motion.

<u>Broughten</u> also requires that a court assure itself that a motion to withdraw does not disrupt the prosecution of the lawsuit before it.  634 F.2d at 882-83.  The record reflects that the

---

[3]  There is no question but that counsel's motion to withdraw satisfied Local Rule 83.2.11, by (1) providing the present address and phone number of the client, (2) declaring that the client has been notified of all deadlines and pending court appearances, and (3) certifying service upon the client and opposing counsel.

district court considered this factor, too, from the court's adjustment and readjustment of the deadlines and hearing date. The court's repeated rescheduling reflects consideration both of Plaintiff's need for additional time as well as the desirability of avoiding undue delay such as by a continuance without date.

As for prejudice, we conclude that Roshan has demonstrated none. Even while represented by counsel, Roshan allowed the initial deadline for opposing the summary judgment motion to elapse. The court's impetus for multiple calendar adjustments was to allow Roshan additional time.[4]

We afford the district court considerable deference in its management of its busy docket. We conclude that no abuse of discretion occurred because reasonable persons could differ as to the propriety of the district court's action. Washington, 694 F.2d at 1087; see also Friends, 284 F.3d at 578.

II. Proceeding with the Motion for Summary Judgment

Roshan next contends that the district court erred in granting a summary dismissal while Roshan was unrepresented. The propriety of granting summary judgment turns on notice to the nonmoving party and an opportunity to respond under Federal Rule 56. Defendants served counsel for the Plaintiff with the motion on July 22, 2002.

---

[4] Roshan complains that the district court sanctioned Roshan by considering the motion unopposed despite the opposition filed by Mr. Cheema. Roshan could have suffered no prejudice thereby because the court indeed considered the submission by the corporate plaintiff's president as an amicus curiae brief.

The court originally noticed the hearing for August 7, 2002, providing ample notice under Rule 56(c) (requiring ten days' notice).[5] Roshan's counsel notified the client of all deadlines in conjunction with his motion to withdraw. After granting the motion to withdraw on August 9 and after multiple continuances, the court eventually ruled on the summary judgment motion on August 28.

We find no error in the court's proceeding with resolution of the pending summary judgment motion where the first deadline for opposition passed while Roshan was still represented, the court provided multiple extensions of time for Plaintiff to submit an opposition, and the court ruled after full consideration of the evidence and the submission by Roshan's president.

### III. Merits of the Summary Judgment

Because Roshan has not identified any disputed material fact or otherwise specified any error for our review concerning the merits of the summary judgment, Roshan has abandoned this issue on appeal. Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

### IV. Conclusion

We will not disturb the district court's order allowing counsel to withdraw. The summary judgment was properly granted after repeated notices to Roshan and numerous extensions of time

---

[5] Roshan also complains that it never received notice that it would be sanctioned by dismissal on the merits for failure to retain counsel. The record does not reflect such a sanction; rather, the court dismissed Roshan's claims on the merits based on defendants' summary judgment motion.

for an opportunity to be heard.

AFFIRMED.