[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10294
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cv-01777-SDM-EAJ

MORENO FARMS, INC.,

Plaintiff-Counter Defendant-
Appellee,

versus

TOMATO THYME CORPORATION,

Defendant-Counter Claimant,

GERMAN J. TORRES,

Defendant,

KEATON & ASSOCIATES, P.C.,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 17, 2012)

Before JORDAN, ANDERSON and COX, Circuit Judges.

PER CURIAM:

Keaton & Associates, P.C. ("Keaton") challenges the district court's subject matter jurisdiction to discharge their attorney's lien against the proceeds of a settlement in the underlying lawsuit in this case. We affirm.

Plaintiff Moreno Farms, Inc. employed Keaton as counsel to sue the Defendant Tomato Thyme Corporation in the Southern District of Florida, and suit was filed. Keaton later voluntarily withdrew, and filed an attorney's lien against any funds Moreno Farms might recover. (Dkt. 45-1 at 1.) The underlying lawsuit then settled for $50,000. Tomato Thyme paid that money into the court's registry, but the court did not disburse the funds because of Keaton's lien. Moreno Farms moved to discharge the lien. The district court referred the matter to a magistrate judge, who ultimately declared the lien invalid.

Keaton then appealed the magistrate judge's order to this court. We questioned our jurisdiction to hear that appeal. After the district court clarified that it had referred the matter of Keaton's lien under 28 U.S.C. § 636(b)(1)(A), we dismissed that appeal for want of jurisdiction because the magistrate judge's order was not a final or appealable order. (Dkt. 71); *see, e.g.*, *Perez-Priego v. Alachua Cnty. Clerk of Court*, 148 F.3d 1272, 1273 (11th Cir. 1998). Keaton then moved the district court

2

to vacate the magistrate judge's order.  The district court denied that motion as untimely.

Keaton now appeals the denial of its motion to vacate the magistrate judge's order.  We are not reviewing the merits of the magistrate judge's order.  Nor are we reviewing the magistrate judge' authority under 28 U.S.C. § 636 to enter an order invalidating Keaton's attorney's lien.  Instead, Keaton contends that, under our precedent, the district court lacked subject matter jurisdiction to adjudicate the validity of its attorney's lien.  (*See* Appellant's Br. at 15 ("Appellant argues only one issue: jurisdiction.").)

We always have the "power" and "obligation" to examine the district court's subject matter jurisdiction.  *See Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citing *Philbrook v. Glodgett*, 421 U.S. 707, 95 S. Ct. 1893 (1975)).  We review questions of subject matter jurisdiction de novo.  *See Univ. of S. Ala.  v. Am. Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999) (citation omitted).  We review a district court's decision to exercise supplemental jurisdiction for an abuse of discretion.  *See Lucero v. Trosch*, 121 F.3d 591, 598 (11th Cir. 1997) (citing *Chandler v. Miller*, 75 F.3d 1543, 1546 n.3 (11th Cir. 1996)).

When a district court has original jurisdiction over a claim, the court has supplemental jurisdiction over all claims which are part of the same case or

3

controversy. *See* 28 U.S.C. § 1367(a).  The existence of an attorney's lien against a party's recovery in a lawsuit is part of the same case or controversy as the underlying lawsuit.  *See Broughten v. Voss*, 634 F.2d 880, 883 (5th Cir. 1981); *Doggett v. Deauville Corp.*, 148 F.2d 881, 883 (5th Cir. 1945).[1]

A district court "may decline to exercise" its supplemental jurisdiction in certain circumstances.  *See* 28 U.S.C. § 1367(c).  A district court has considerable discretion in making that decision.  *See, e.g.*, *Osborn v. Haley*, 549 U.S. 225, 245, 127 S. Ct. 881, 896 (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction.") (citation omitted); *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1569 (11th Cir. 1994); *Faucher v. Rodziewicz*, 891 F.2d 864, 871–72 (11th Cir. 1990).

The district court had original jurisdiction over the underlying lawsuit under 7 U.S.C. § 499e(5).  Keaton filed an attorney's lien against any recovery Moreno Farms might obtain in the suit.  The lawsuit ultimately settled, and Moreno Farms

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), this court adopted these Fifth Circuit cases as binding precedent.

4

recovered $50,000. Thus, the court had supplemental jurisdiction to decide the validity of Keaton's lien against the $50,000.[2]

The court exercised supplemental jurisdiction over Keaton's lien. This was not an abuse of discretion. Neither § 1367(c) nor our cases required that the district court decline jurisdiction here.

The order of the district court is affirmed.

AFFIRMED.

---

[2] The district court's order dismissing the underlying lawsuit specifically retained jurisdiction over Keaton's lien. (Dkt. 44 at 2.)