Robert **DEMEULENAERE**, Marcel Demeulenaere, Jeanne Demeulenaere, Irma Demeulenaere, Irene Demeulenaere, Paul Demeulenaere, Alfred Demeulenaere and Universal Cash Register Corporation, Plaintiffs-Appellees,

v.

**ROCKWELL MANUFACTURING COMPANY**, Willard F. Rockwell, Willard F. Rockwell, Jr., Ohmer Corporation, The National Cash Register Company, John O. Ekblom and William A. Strauch, Defendants,

and

Philip Handelman, Appellant.

No. 302, Docket 26082.

United States Court of Appeals Second Circuit.

Argued March 2, 1960.

Decided March 9, 1960.

---

See also 23 F.R.D. 689.

Gilbert J. Fortgang, New York City, for appellees.

Philip Handelman, New York City, for appellant.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

By an agreement of December 12, 1957, the appellant, Philip Handelman, was retained by Robert Demeulenaere and certain others as attorney for the prosecution of a treble damage antitrust suit previously brought by Demeulenaere against the Rockwell Manufacturing Company. The suit alleged the monopolization of, and attempt to monopolize, the manufacture of cash registers, and sought damages of $75,000,000. In lieu of a retaining fee Demeulenaere assigned to Handelman a one and three-eighths per cent interest in the gross proceeds derived from patent No. 2,318,467, issued to Demeulenaere, as well as an identical interest in application No. 529,980, and in "other applications and patents for the principal invention and improvements thereon." In addition to the assignment the retainer provided that Handelman would receive 15% of the first $100,000 collected in the litigation with Rockwell Manufacturing and 25% of any excess over $100,000.

In the summer of 1959 disagreements arose between Handelman and his client and a motion was made in the district court for the substitution of Gilbert Fortgang as attorney for Demeulenaere. A hearing was held and the substitution was subsequently ordered. The order directed that 10% of the proceeds of any recovery by Demeulenaere be paid into the registry of the court as security for payment of Handelman's contingent fee and that the amount of Handelman's fee be determined at the conclusion of the suit. The order also stated that Handelman "does not have a retaining lien on the file of the matter," and "is relegated to a separate action to enforce his retaining fee" and directed him to

turn over the files on the suit within five days.

Handelman appeals, asserting that it was an abuse of the district court's discretion to require him to relinquish his common-law lawyer's lien upon the files in the antitrust suit. We think the trial court acted within its discretion in ordering turnover of the litigation files and we affirm the judgment.

Appellant claims that he was entitled to retain possession of the files until Demeulenaere executed documents assigning to him an interest in certain other patents, apparently renewals and improvements on those already assigned as a retainer. Appellant maintains that he is entitled to an assignment of rights in these additional patents under a clause of the original retainer providing that the assignors will "execute any and all documents necessary to enable said Philip Handelman, Esq., his assignee or designee, to receive said proceeds (of the patent) directly from the source from which they are to be obtained and that such documents may be filed with such source and paid directly by said source to Philip Handelman, Esq." As we understand appellant's position, he objects only to the failure of the district court to protect his rights under the assignment and does not claim error as to the security afforded him for his contingent interest in the outcome of the litigation.

A reading of the quoted clause shows that its purpose was to enable Handelman to receive royalty payments directly from persons paying royalties under the patents in which he was granted an interest. The instrument itself was accepted in lieu of the cash retainer fee and Handelman has his remedies for its breach. While it might have been within the discretion of the District Judge to require the Demeulenaeres to execute the further documents or to furnish appellant with information as to "other applications and patents for the principal invention and improvements thereon" before appellant was required to turn over the files, it was also within his discre-

tion not to do so. Speed was imperative. The action was begun in 1952—another attorney had conducted initial pretrial proceedings prior to the retention of Handelman—and was thus seven years old when the present dispute arose. A motion by the defendant Rockwell for dismissal of the suit for lack of prosecution had been pending for some months. It was imperative that the suit be permitted to proceed to trial without protracted delay while appellant's asserted rights under the assignment and retainer were established. There was thus no abuse of discretion in the District Judge's remitting appellant to an independent action to enforce his rights under the assignment if that should be required.

Affirmed.