323 F.2d 784
 NATIONAL EQUIPMENT RENTAL LTD., Plaintiff,
v.
MERCURY TYPESETTING COMPANY, Defendant and Third Party
Plaintiff, v. STATMASTER CORPORATION, Third Party
Defendant.
Edmund H. H. CADDY, Petitioner,
v.
STATMASTER CORPORATION, Respondent.
STATMASTER CORPORATION, Petitioner,
v.
Walter J. BRUCHHAUSEN, United States District Judge for the
Eastern District of New York, Respondent.
 No. 203, Dockets 28449, 28214.
 United States Court of Appeals Second Circuit.
 Argued Oct. 1, 1963.
Decided Oct. 17, 1963.
 
 Joseph Goldberg, New York City, for petitioner Statmaster Corp.
 Irving Mariash, New York City (on behalf of petitioner Edmund H. H. Caddy), for respondent.
 Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.
 LUMBARD, Chief Judge.
 
 
 1
 This petition for a writ of mandamus arises out of a dispute between the petitioner, the Statmaster Corporation, and Edmund H. H. Caddy. Between June 13, 1961 and January 29, 1963, Caddy and his firm, Caddy & Shepard, were employed by Statmaster as legal counsel, and during this period represented Statmaster in some nine litigated matters, eight of which were instituted in the state courts.
 
 
 2
 During this period, an action was brought in the United States District Court for the Eastern District of New York by National Equipment Rental, Ltd., against the Mercury Typesetting Company. Mercury impleaded Statmaster, which was represented by Caddy in this action until his discharge on January 29, 1963. Shortly after his discharge, Caddy instituted a proceeding in the district court by order to show cause seeking the fixing of fees and disbursements due him from Statmaster.
 
 
 3
 Judge Bruchhausen Heard the matter and on April 1, 1963, entered an order conditioning the substitution of Herbert J. Leifer as attorney for Statmaster 'in all pending actions' upon Statmaster's posting cash or an undertaking for $23,000 to secure payment to Caddy of his fee and disbursements. Judge Bruchhausen further referred the issue as to the amount due Caddy to a special master to hear and report to him. On April 29, Judge Bruchhausen denied Statmaster's motion to stay the proceedings before the master and reaffirmed the April 1 order. Statmaster's petition requests that this court issue a writ of mandamus directing Judge Bruchhausen to vacate the orders of April 1 and April 29 and stay the proceedings before the special master.
 
 
 4
 The petitioner seeks the extraordinary relief of mandamus on the ground that the orders of April 1 and April 29 are not final and therefore are nonappealable, 29 U.S.C. 1291, 1292. For reasons hereafter indicated, we do not agree. In such circumstances our normal course would be to dismiss the petition on the ground that the order is otherwise subject to appellate review. See In re Cohen, 107 F.2d 881 (5 Cir. 1939). However, on May 6, 1963, Statmaster filed a notice of appeal from the orders in question in the Eastern District of New York. Although the appeal has not been further prosecuted, that appeal is still pending. Rule 73, Federal Rules of Civil Procedure. Since Statmaster and Caddy were given a full hearing at oral argument of this petition, we shall treat the papers here before us as the record on that appeal.
 
 
 5
 The doctrine of finality is designed to prevent the delays attendant upon piecemeal handling of litigation in the federal courts. Yet there may be circumstances in which, while the litigation in its entirety is still pending before the trial court, certain rights have been determined which are 'separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate jurisdiction by deferred until the whole case is adjudicated.' Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Here, Statmaster has been denied the opportunity to proceed with the aid of counsel unless and until it posts security in the rather substantial amount of $23,000. Caddy's claim against Statmaster in no way relates to the matters still pending before the district court. We can see no reason therefore not to consider the merits of Judge Bruchhausen's orders at this time. Chabot v. National Securities Research Corporation, 290 F.2d 657 (2 Cir. 1961).
 
 
 6
 The law seems well settled that a federal district court may condition the substitution of attorneys in litigation pending before it upon the client's either paying the attorney or posting security for the attorney's reasonable fees and disbursements, as these may be determined. See, e.g., The Flush, 277 F. 25 (2 Cir. 1921); First Iowa Hydro Electric Cooperative v. Iowa-Illinois Gas and Electric Co., 245 F.2d 613 (8 Cir. 1957). This power resides in the federal court as ancillary to its conduct of the litigation.[1] However, no court has gone so far as to hold that a district judge may condition substitution upon payment of fees earned in matters unrelated to the pending litigation. The jurisdiction of the district court is limited to those matters properly brought before it; its ancillary powers are co-extensive with its jurisdiction and may not exceed it.
 
 
 7
 Judge Bruchhausen's corders direct the special master to determine the reasonable compensation due Caddy not only for his representation of Statmaster in the litigation pending in the district court, but as well for his representation of Statmaster in some eight state court actions and other nonlitigated matters. Those matters unrelated to the pending litigation fall beyond the pale of the federal court's jurisdiction and may not be subjected to the exercise of the district judge's ancillary powers.
 
 
 8
 We therefore reverse and set aside the orders of April 1 and April 29. If the parties are in disagreement as to the fees and disbursements incurred in the case pending in the district court, the district court may, of course, enter an appropriate order for the prompt resolution of that dispute and may permit the substitution of attorneys upon the filing of a bond in suitable amount for the payment of the fee to be determined.
 
 
 
 [1]
 We reject the petitioner's suggestion that the federal court should not make available to an attorney in litigation pending before it any remedy which is unavailable to him under New York State law and he has cited no relevant authority to support that position. The termination of relations between a party in litigation in a federal court and his attorney is a matter relating to the protection of the court's own officers and is not subject to the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Compare Hardie v. Bryson, 44 F.Supp. 67 (E.D.Mo.1942); Marlowe v. Baird, 301 F.2d 169 (6 Cir. 1962)