**PAY TELEVISION OF GREATER NEW YORK, INC., individually and representatively on behalf of a class of plaintiffs similarly situated, Plaintiff-Appellee,**

v.

**Brian A. SHERIDAN, Appellant,**

**Latting Town Group, Ltd., York Bradley Group Inc., Sheldon Greene, Ruth Brandt, and Bernard L. Silver, individually and representatively on Behalf of a first class of defendants similarly situated, and John Doe (being the fictitious name of a person or persons whose identity is presently undetermined), individually and representatively on behalf of a second class of defendants similarly situated, Defendants.**

**No. 1053, Docket 85–7063.**

United States Court of Appeals, Second Circuit.

Argued May 7, 1985.

Decided June 26, 1985.

Brian A. Sheridan, New York City, pro se.

Alan Serrins, New York City (Samuel A. Abady, Abady & Jaffe, New York City, of counsel), for plaintiff-appellee.

Before MESKILL, KEARSE and WINTER, Circuit Judges.

PER CURIAM:

Appellant Brian A. Sheridan appeals from so much of an order of the United States District Court for the Eastern District of New York, Glasser, *J.*, as denied his application to fix and determine fees due him as outgoing attorney for appellee Pay Television of Greater New York, Inc. (Pay-

TV). For the reasons that follow, we affirm.

### BACKGROUND

Pay-TV is an authorized distributor of Home Box Office television programming. Its services are delivered to its subscribers in the New York City area via microwave. Beginning in August 1983, Attorney Brian A. Sheridan represented Pay-TV in literally hundreds of actions involving the "pirating" of Pay-TV's services. In April 1984, Sheridan commenced the underlying action on behalf of Pay-TV in the Eastern District of New York and the case was assigned to Judge Glasser. The suit was predicated on 47 U.S.C. § 605 (1982) and sought an injunction against the mail order sale of equipment that could be used to pirate Pay-TV's services.

In November 1984, Sheridan moved for an order permitting him to withdraw as attorney for Pay-TV. The basis of the motion to withdraw was Pay-TV's refusal, since April 1984, to pay Sheridan fees that he claims are owed to him. Sheridan also requested Judge Glasser to fix the fees due him as outgoing attorney at $35,584.84. Pay-TV cross-moved for substitution of attorney, but opposed that part of Sheridan's motion that sought a determination of fees.

In the affirmation opposing the fixing of fees, Judge Glasser was made aware of the following facts. On October 2, 1984, Sheridan commenced a plenary action against Pay-TV in New York Supreme Court. In that action, Sheridan seeks payment of the $35,584.84 in "outstanding" fees. On October 24, 1984, almost three weeks prior to Sheridan's motion before Judge Glasser, the New York court ordered Sheridan to turn over Pay-TV's files to its new attorneys and ordered Pay-TV to post a bond sufficient to cover the amount in dispute. The court, however, refused to render a summary determination on the fee dispute, stating that the nature of the fee dispute made such a determination "impossible." *Sheridan v. Pay Television of Greater New York, Inc.*, No. 17244/84 (N.Y.Sup.Ct. 1984), *reprinted in* App. of Appellant at

58. In addition to the state court action, Sheridan commenced an action in the Southern District of New York against sixty-four sellers of subscription television services. He alleged that these defendants benefitted from his representation of Pay-TV in the underlying Eastern District action and sought payment of $200,000 in legal fees from them. Finally, Sheridan has made a motion before Judge Leval in a Pay-TV case in the Southern District identical to the motion that he made before Judge Glasser. That motion is still *sub judice.*

By a Memorandum and Order dated December 18, 1984, Judge Glasser granted Sheridan's motion to withdraw and denied his motion to fix and determine fees. Sheridan appeals only the denial of the application to fix and determine fees. In addition to Sheridan's appeal, we have before us Pay-TV's motion for double costs and attorney's fees filed four days prior to oral argument. Sheridan declined the opportunity to address the motion at oral argument but filed a written response three days later.

## DISCUSSION

■ Case law in this area makes two principles clear. First, the decision whether to fix the fees due a withdrawing attorney lies within the discretion of the district court. *See, e.g., Moore v. Telfon Communications Corp.,* 589 F.2d 959, 967 (9th Cir.1978); *Demeulenaere v. Rockwell Manufacturing Co.,* 275 F.2d 572, 574 (2d Cir.1960); *Marrero v. Christiano,* 575 F.Supp. 837, 839 (S.D.N.Y.1983). Sheridan's citation to *National Equipment Rental, Ltd. v. Mercury Typesetting Co.,* 323 F.2d 784 (2d Cir.1963), for the proposition that the district court must set fees is inappropriate. There we stated that the "district court *may* condition the substitution" of counsel on the payment of fees. *Id.* at 786. (emphasis added). Nowhere did we say that the district court must condition the substitution on the payment of fees.

■ Second, in setting fees the district court is exercising ancillary jurisdiction.

Therefore, we have held that the district court is limited to setting fees that arise from the underlying action; it may not set fees for work done on unrelated actions. *National Equipment Rental,* 323 F.2d at 786–87; *see also Jenkins v. Weinshienk,* 670 F.2d 915, 918–19 (10th Cir.1982). Sheridan's argument that the existence of diversity of citizenship between him and Pay-TV empowered the district court to set fees for work performed on cases unrelated to the action before it is unconvincing. The district court's jurisdiction to fix fees stemmed from its power to control the case before it; a case between Pay-TV and the sellers of the complained of equipment. Sheridan was not a party to that suit and diversity between him and his client did not enlarge the district court's limited ancillary jurisdiction over the fee dispute.

■ With these two principles in mind, we believe that Judge Glasser's decision to abstain from setting fees was a sound exercise of his discretion. First, the majority of the fees requested by Sheridan arose from work unrelated to the action before the court and thus the court lacked jurisdiction to fix those fees. Second, as a result of Sheridan's state court action, Pay-TV had already posted a bond sufficient to cover the amount in dispute. Finally, Sheridan's claims to the contrary notwithstanding, the fee dispute is not a cut-and-dried matter. Between September 1983 and April 1984, Pay-TV had paid Sheridan some $55,000 in fees and the correspondence between the parties shows that the remaining $35,000 is seriously disputed. Indeed, the state court recognized as much when it found that a summary determination of fees was "impossible." The district court's refusal to become embroiled in this ancillary dispute was not an abuse of discretion.

■ With respect to Pay-TV's motion for double costs and attorney's fees, we believe that Sheridan's appeal was sufficiently frivolous to support an award of double costs under Fed.R.App.P. 38. However, because the district court did not state its reasons for refusing to fix fees and because this is the first time that Sheridan has brought this issue before us, we decline to award

attorney's fees. *Cf. Maria Victoria Naviera, S.A. v. Cementos Del Valle, S.A.*, 759 F.2d 1027, 1032 (2d Cir.1985); *Ficalora v. C.I.R.*, 751 F.2d 85, 88 (2d Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 1869, 85 L.Ed.2d 162 (1985). Nevertheless, we warn Sheridan that should he bring this issue to this Court in the future, he will have "cast his line one time too many" and we will not hesitate to award fees at that time. *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984).

The order of the district court is affirmed and Pay-TV is awarded double costs.