**Sue T. QUINN, Petitioner,**

v.

**Frank HEADLEY, Superintendent, Bedford Hills Correctional Facility, Respondent.**

**No. 84 Civ. 5071 (KTD).**

United States District Court, S.D. New York.

June 5, 1986.

June Resnick German, Huntington, N.Y., for petitioner.

Ferne Mayer Steckler, P.C., Garden City, N.Y., for petitioner.

**MEMORANDUM & ORDER**

KEVIN THOMAS DUFFY, District Judge:

Petitioner, Sue T. Quinn, moves pursuant to General Rule 3(c) of the local rules to substitute June Resnick German, Esq., as her attorney in place of Ferne Mayer Steckler, Esq. Petitioner also seeks an order directing Steckler to turn over all files pertaining to this action to German. Steckler does not oppose Quinn's substitution request, but does contend she is entitled to an attorney's lien on any papers turned over as well as a charging lien on Quinn's 42 U.S.C. § 1983 action.

Briefly, the facts relevant to this motion are as follows. In March, 1984, after discussions with Quinn and Quinn's mother, Mrs. Thurber, Steckler filed on behalf of Quinn a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York. Steckler was paid $1,500 as a retainer fee. Quinn and Steckler dispute what arrangement, if any, there was in the event Steckler's fees exceeded $1,500. Quinn claims that "Steckler has known all along of my poor financial situation and that I could not possibly pay her anything more than the $1,500.00 unless and until I recovered monies to compensate me for my injuries pursuant to 42 U.S.C. Section 1983." March 26, 1986 Affidavit of Sue T. Quinn, ¶ 11. Steckler states that, "by accepting my services as an attorney [Quinn] was also accepting the responsibility to pay for those services.... [Quinn] stated that she would pay me either when she got some money or if she received an award pursuant to the 1983 action...." April 14, 1986 Affidavit of Ferne Mayer Steckler, Esq., ¶ 19. In July, 1984, Judge Eugene H. Nickerson chose to treat the petition as an action pursuant to 42 U.S.C. § 1983 and transferred the case to the United States District Court for the Southern District of New York where it was assigned to me. Thereafter, Steckler unsuccessfully attempted an appeal of Judge Nickerson's decision.

Steckler claims that in or about September, 1984, pursuant to Thurber's request, she asked this court to hold Quinn's case in abeyance because, at the time, Quinn was too ill to proceed. Quinn claims that, contrary to Steckler's assertion, her mother did not ask that all proceedings be stopped, but rather, only that the appeal of Judge Nickerson's decision not be pursued. Quinn alleges that she always intended her section 1983 action to go forward. Quinn further claims that, throughout the next year, Steckler either did not respond to Quinn's calls or stated that "she was going on with the case, and [Quinn] had nothing to worry about," April 17, 1986 Affidavit of Sue T. Quinn, ¶¶ 9–10; Steckler never informed Quinn that the case had in fact been put in abeyance. In December of 1985, Quinn finally learned from Steckler that her case had been put in abeyance. Petitioner thereafter attempted to acquire Steckler's consent to substitution of counsel and relinquishment of all files pertaining to this litigation. This attempt having failed, petitioner now makes the instant motion.

■ Quinn's request for substitution, being unopposed, is granted. The contested issue presented herein is whether Steckler is entitled to a lien on petitioner's papers relating to this action which are presently in Steckler's possession. "It is settled that an attorney may claim a lien for outstanding unpaid fees and disbursements on a client's papers which came into the lawyer's possession as the result of his professional representation of his client." *Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d Cir.1983) (citing *In re San Juan Gold, Inc.*, 96 F.2d 60 (2d Cir.1938)). Steckler presently claims that Quinn owes a total of $5,660.25 in unpaid legal fees. Although Quinn challenges, perhaps justifiably, certain portions of Steckler's bill,[1] she does not appear to dispute that Steckler is entitled to some amount of money for her efforts. *See* Petitioner's Reply Memorandum, 2 ("The discharged attorney is entitled to recover in *quantum meriut* only a fair and reasonable value for services."); April 17, 1986 Quinn Affidavit, ¶ 13 ("I am willing to pay [Steckler] what this Court deems fair and reasonable in the event that I am ultimately successful in my Section 1983 action."). Quinn argues that because she needs the files to pursue this litigation

---

1. Quinn asserts, *inter alia,* that (1) Steckler had previously indicated in a letter to Quinn that her rates were $135.00 per hour, not $150.00 per hour which she is now seeking; (2) the time Steckler expended on the instant motion should not be included as part of the fee; (3) Steckler's billing of all telephone calls at a minimum of one quarter of an hour each would appear to be an inflation of the time actually spent; and (4) the time expended by Steckler in filing a notice of appeal in the wrong jurisdiction may not merit payment.

and she is without funds at the present time, she should not be forced to pay Steckler's fee or post security for the fee as a prerequisite to being given the files. In the usual case, this argument clearly would be unavailing. As the Second Circuit has stated, "The attorney's lien cannot be disregarded merely because the pressure it is supposed to exert becomes effective." *In re San Juan Gold, Inc.*, 96 F.2d 60 (2d Cir.1938). The instant case, however, presents the atypical situation where an attorney has assumed representation of a client knowing at the outset that the client was financially insolvent and would only be able to pay the attorney "when [the client] got some money or if [the client] received an award pursuant to [the action]." Steckler Affidavit, ¶ 19. Thus, unlike the ordinary scenario where, at the time of substitution, the attorney's fee is already due and owing, Steckler's fee, by Steckler's own admission, is not due unless and until Quinn obtains money either on her own or pursuant to an award resulting from this case. It strikes as thoroughly inequitable to permit an attorney who freely entered into such a conditional fee arrangement thereafter to prevent, or at least hinder, the continuance of the client's action by requiring immediate payment even though the condition for payment has not yet been met. Accordingly, Steckler's request for a retaining lien is denied and Steckler is directed to turn over to German all files relating to this case.

■ Steckler also seeks a charging lien on any funds Quinn recovers as a result of her section 1983 action. Steckler argues that her petition for a writ of habeas corpus provides the basis for Quinn's section 1983 claim "and, therefore, all the necessary research, writing and creativity is attributed to [Steckler's] efforts." Steckler Affidavit, ¶ 17.

Section 475 of the New York Judiciary Law provides in pertinent part:

From the commencement of an action, special or other proceeding in any court ... the attorney who appears for a party has a lien upon his client's cause of action ... which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

"The rationale of section 475 is that an attorney should have a lien for his litigation efforts that bring a fund into existence; it is upon the fund thus created, either by judgment or settlement, that the lien is imposed." *In re Shirley Duke Associates*, 611 F.2d 15, 18 (2d Cir.1979) (citations omitted).

Although the amount of Steckler's fee is disputed, Quinn, as noted previously, does not contest that Steckler is entitled to some payment, most likely on a quantum meriut basis, *see Petition of Rosenman Colin Freund Lewis & Cohen*, 600 F.Supp. 527, 533 (S.D.N.Y.1984), for her time and effort in this litigation. Accordingly, Steckler's request for a charging lien on any funds Quinn obtains as a result of the section 1983 action is granted. To avoid further delay of this action, the precise amount of money owed Steckler will not be determined until the conclusion of the case at which time the parties, should they remain unable to agree upon the fee, shall submit detailed affidavits on the issue.

In sum, plaintiff's motion for substitution of counsel and production of her files is granted. Steckler's request for a retaining lien on plaintiff's files is denied but her request for a charging lien on plaintiff's cause of action is granted.

SO ORDERED.