**ALLSTATE INSURANCE COMPANY, et al., Plaintiffs,**

v.

**Dipak NANDI, et al., Defendants.**

**No. 01Civ.5231(KMW)(RLE).**

United States District Court, S.D. New York.

April 22, 2003.

Richard J. Quadrino, Quadrino & Schwartz, PC, Garden City, NY, Kurt E. Lundgren, La Sorsa & Beneventano, White Plains, NY, for Dipak Nandi.

## OPINION AND ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

Before this Court is an application by movant, outgoing counsel for defendant Barry L. Cohan ("Cohan"), Ruskin Moscou Faltischek, P.C. ("movants"), for an Order: (1) pursuant to Local Civil Rule 1.4, permitting counsel to withdraw as attorneys for Cohan for multiple reasons, including irreconcilable differences; and (2) fix a retaining lien in the amount of $9,121.71. For the following reasons, the application is **GRANTED**, and the retaining lien is fixed at $9,121.71.

### II. BACKGROUND

Plaintiffs filed this action on June 12, 2001, under the Racketeer Influenced and

Corrupt Organizations Act ("RICO"), alleging that defendants defrauded them out of millions of dollars. Cohan retained movants to represent him in this action. On July 9, 2001, Cohan was presented with a retainer agreement which outlined both the fee for retainer and the hourly rate of the attorneys who would work on his case. *See* Supplemental Affidavit of Jeffrey M. Schlossberg ("Schlossberg Aff.") at Exh. A. Cohan signed the retainer agreement on the same date. *Id.* Some time on or about August 21, 2002, movants were discharged by Cohan. *Id.* at Exh. C. Cohan retained new counsel, and all three signed a substitution of attorney form dated July 30, 2002 (It is unclear from a comparison of this date and dates reflected in movant's billing records when movants were actually presented with the substitution of attorney form.). *See* Affidavit of Douglas A. Cooper ("Cooper Aff.") at Exh. A. The parties filed the substitution of attorney form on September 3, 2002, but this Court rejected the form for noncompliance with Local Rule 1.4. On November 5, 2002, movants filed the instant motion.

## III. DISCUSSION

### A. Withdrawal of Counsel

Local Rule 1.4 provides that:

An attorney who has appeared as an attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

■ As Courts within this district have held, "[w]hile Local Rule 1.4 requires a court order to withdraw, when counsel has been discharged—and agreed to the termination—the order to withdraw should issue

except under the most compelling circumstances." *Casper v. Lew Lieberbaum & Company, Inc.,* 1999 WL 335334 *4 (S.D.N.Y.1999). Further, the New York Code of Professional Responsibility mandates that an attorney withdraw if he or she has been discharged by the client. *See* 22 NYCRR 1200.15(b)(4). It is undisputed that Cohan discharged movants. Movants also allege that there has been material differences between Cohan and the movants regarding "strategic and tactical issues bearing on the defense of this case." *See* Cooper Aff. at ¶ 3. Therefore, pursuant to Local Rule 1.4, the Court Orders that movants be withdrawn as attorneys of record for Cohan.

### B. Retaining Lien

#### 1. Discharge "For Cause"

■ Movants seek a retaining lien in the amount of $9,121.71. New York cases recognize "a distinct common law 'retaining lien' that allows withdrawing counsel to retain pleadings and other documents in counsel's possession until counsel is paid for his or her work." *See Rivkin v. A.J. Hollander & Company, Inc.,* 1996 WL 633217 *2 (S.D.N.Y.1996). This common law retaining lien is recognized and followed in federal courts unless a specific federal law alters the parties' rights. *Id.* The decision to fix a retaining lien lies within the discretion of the district court. *See Pay Television of Greater New York, Inc. v. Sheridan,* 766 F.2d 92, 94 (2d Cir. 1985). Furthermore, when the attorney has been discharged by the client, if "the discharge is with cause, the attorney has no right to compensation or a retaining lien, notwithstanding the existence of a retainer agreement. . . . On the other hand, an attorney who is discharged without cause before the completion of services is entitled to be paid a fee on a *quantum meruit* basis for the reasonable value of

the services rendered." *Gurry v. Glaxo Wellcome, Inc.*, 2000 WL 1702028 *1 (S.D.N.Y.2000) (citations omitted). Therefore, as an initial matter, the Court must determine whether movants were discharged "for cause."

 Movants claim that their dispute with Cohan centers around both "material differences regarding strategic and tactical issues" and non payment of regular bills. *See* Cooper Aff. at ¶¶ 3, 6. While movants do not detail the nature of their strategic disputes with Cohan, they do outline their economic disputes. Movants allege, and Cohan does not dispute, that following the depletion of the retainer, Cohan did not pay movants from December 1, 2001–October 1, 2002. *See* Schlossberg Aff. at ¶ 6. Cohan does, however, state that "[n]o detailed explanation of bills was ever presented to me until this time and the only material I received were sporadic billings." *See* Affidavit in Opposition of Barry L. Cohan ("Cohan Aff.") at ¶ 3. Both parties acknowledge that they discussed the billing situation. *Id.;* Cooper Aff. at ¶ 6. Cohan attributes his decision to discharge movants to the billing problems, among other problems. *See* Cohan Aff. at ¶ 4.

 Based upon the facts presented to the Court, it is clear that movants were not discharged "for cause." "Where an attorney is discharged not because he or she neglected to properly represent the client but because of personality conflicts, misunderstandings or differences of opinion having nothing to do with any impropriety by the lawyer, the discharge is not 'for cause' and the attorney does not forfeit his or her fee." *Gurry*, 2000 WL 1702028 at *2. (citation omitted). Courts typically find a discharge "for cause" where there has been a significant breach of legal duty. *See, e.g., Cruz v. Olympia Trails Bus Company*, 2002 WL 1835440 *4 (S.D.N.Y.2002) (Court found attorney discharged "for cause" where attorney re-

turned none of client's telephone calls). There is no showing that movants have violated any legally or professionally imposed duty in regard to Cohan, and therefore, the Court finds movants were not discharged "for cause."

## 2. Standard for Fixing of Retaining Lien

 In New York, a retaining lien attaches "when the action is commenced and remains in force when an attorney is discharged without cause." *Casper*, 1999 WL 335334 at *8. Further, "[i]n the absence of exigent circumstances (such as papers essential to the defense of a criminal charge, or the client's indigency), under either New York or federal law, counsel should not be required to release papers that are subject to a retaining lien before counsel's fees are paid or at least secured." *Rivkin*, 1996 WL 633217 at *3. Indeed, "[t]he Second Circuit has held that, absent exigent circumstances, it is an abuse of discretion to require withdrawing counsel to turn over papers subject to a lien without conditioning it on payment or posting security for payment of outstanding legal fees." *Casper*, 1999 WL 335334 at *8. However, courts within this district have observed a limited exception to this rule. *See, e.g., Casper*, 1999 WL 335334 (client demonstrated inability to pay already accumulated fees); *Quinn v. Headley*, 637 F.Supp. 707 (S.D.N.Y.1986) (outgoing attorney entered into conditional fee arrangement and condition had not been met). Cohan has not demonstrated any exigent circumstances or inability to pay fees. "Moreover, the Court need not fear a long-term impasse that would delay the case." *Rivkin*, 1996 WL 633217 at *5. Therefore, the request to fix a retaining lien is **GRANTED**.

Finally, "the Court should determine the amount of the retaining lien." *Ross v.*

*Mitsui Fudosan, Inc.*, 1998 WL 556171 *3 (S.D.N.Y.1998). Movants have requested the retaining lien be fixed at an amount of $9,121.71. Further, they have submitted affidavits and itemized billing statements to support their requests. Cohan points to certain portions of the bills as demonstrating excessive billing. *See* Cohan Aff. at ¶¶ 5, 6. For example, Cohan complains that the time spent reviewing the complaint and drafting the answer was excessive. *Id.* While Cohan takes issue with this and other specific line items, the Court finds that the questioned time expenditures are not manifestly unreasonable. Therefore, the Court fixes the amount of the retaining lien at $9,121.71.

## IV. CONCLUSION

For the foregoing reasons, Ruskin Moscou Faltischek, P.C.'s application for a retaining lien is **GRANTED**, and the retaining lien is fixed at $9,121.71.