**LIFE DOME CINEMA MINISTRY**
a/k/a Life Dome Cinema
Ministries, Plaintiff,

v.

**CHURCH LOANS AND INVESTMENT TRUST, Defendant.**

No. 06 Civ. 8288(PKC).

United States District Court,
S.D. New York.

May 24, 2007.

---

**48.** *See* Scottish Re Mem. at 8.

**49.** *Cortec Indus.,* 949 F.2d at 48.

*MEMORANDUM AND ORDER*

CASTEL, District Judge.

This action was removed to this Court from Supreme Court, Bronx County, on October 11, 2006 (Doc # 1). Andrew J. Spinnell (the "Withdrawing Attorney") filed a Notice of Appearance on behalf of plaintiff Life Dome Cinema Ministry a/k/a Life Dome Cinema Ministries ("Life Dome") on November 6, 2006 (Doc # 14).

The Withdrawing Attorney sought leave of Court to withdraw as counsel for plaintiff.[1] He presented the Court with a proposed Order to Show Cause which was entered as an order on March 7, 2007 (Doc # 59). It required the Withdrawing Attorney to fax a copy to Life Dome by March 7 and serve a copy on Life Dome by March 8. The Order required any opposition to be filed by 11 a.m. on March 13. Plaintiff Life Dome filed no papers in opposition to the application and did not appear on the return date of the order to show cause.

On March 14, 2007 (Doc # 68), I granted the Withdrawing Attorney's application to withdraw. Fact discovery was set to close on May 11, 2007 (Doc # 45). Over defendant's opposition, I also granted the Withdrawing Attorney's application to stay all proceedings through April 20, 2007. The length of the stay was set based upon the Court's estimation of the time it would take a litigant to obtain new counsel in this District capable of handling a lawsuit of this nature and for that counsel to become familiar with the status of matters and be ready to proceed.

In the Order signed on March 14, the Court advised plaintiff Life Dome that because it is not a natural person, it would not be permitted to appear in this Court, except through an attorney who is admitted to practice in this District. Life Dome was further advised that if, by April 20, 2007, it failed to cause a notice of appearance to be filed, the Court, upon letter

---

1. Local Civil Rule 1.4 provides as follows:

An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

application by any party, "likely will" dismiss plaintiff's claims for failure to prosecute and/or failure to comply with this order. The warning was in boldface, capital letters and it was further explained that dismissal of the plaintiff's claims means that this lawsuit will be over and that the plaintiff Life Dome will obtain no relief in its favor. The Withdrawing Attorney was directed to serve a copy of this Order upon plaintiff Life Dome Cinema Ministry a/k/a Life Dome Cinema Ministries by March 19.

By letter dated April 23, defendant Church Loans and Investments Trust wrote to the Court seeking dismissal of the affirmative claims of Life Dome against it because no notice of appearance was filed on behalf of Life Dome. That day, I granted the application and entered an Order of Dismissal (Doc # 74).

After the dismissal, Life Dome filed a Notice of Appearance on April 23 by none other than the Withdrawing Attorney (Doc # 75).

The Withdrawing Attorney wrote to this Court by fax received at 6:58 p.m. on April 23 to advise that "despite our attempt to submit a Notice of Re–Appearance on April 20, 2007 in compliance with Your Honor's Order regarding my Motion to Withdraw, with respect to the above matter, we were unable because our client could not come to our office earlier than today, in order to pay the agreed sum that I required in order to represent him." The Court never set a date by which Life Dome should, could or ought to pay the Withdrawing Attorney.

I entered an order (Doc # 79) requiring the Withdrawing Attorney, Life Dome and defendants show cause why the Notice of Appearance of the Withdrawing Attorney should not be stricken, the Order of Dismissal of April 23, 2007 should not stand and other relief or sanctions should not be imposed.

I now have the Withdrawing Attorney submission and that of his client, Life Dome. Life Dome denies ever having received the application to withdraw, despite the dual means of transmittal required by the Court, *i.e.* fax by March 7 and service by March 8.

In the original withdrawal application, the Withdrawing Attorney asserted that that there was a "lack of cooperation" on the part of his client. He acknowledged that the "lack of cooperation" arose from the non-payment of fees. The Withdrawing Attorney's application for a stay was for a stated purpose: "so that plaintiff may be afforded the opportunity to obtain new counsel if it so chooses." The stated purpose did not include giving his client a judicially-sanctioned respite during which it could gather funds to pay to the Withdrawing Attorney.

■ On the facts presented, I conclude that the Withdrawing Attorney's concededly late notice of appearance or, more accurately, reappearance cannot stand.

Before applying to a Court for leave to withdraw, it is incumbent upon an attorney to determine whether he is faced with a mere tardiness in payment or an unwillingness or inability to pay that bespeaks of a breakdown in the attorney-client relationship.[2] An application to withdraw ought

---

**2.** The New York Code of Professional Responsibility DR 2–110 permits a lawyer to seek permission of the tribunal to withdraw if the client "[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." *See Team Obsolete Ltd. v. A.H.R.M.A.*

*Ltd.,* 464 F.Supp.2d 164, 166 (E.D.N.Y.2006) ("It is well-settled as a general matter that a client's inability or refusal to pay can constitute a valid ground for withdrawal from representation."). *See also D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.,* 2006 WL

not be used as a vehicle to encourage payment by a client. *Cf.* EC 2–32 to the New York Code of Professional Responsibility ("A decision by a lawyer to withdraw should be made only on the basis of compelling circumstances . . . .") When "lack of cooperation" is cited to the Court as the reason for the application to withdraw, the Court is entitled to assume that the non-cooperation is not of a transitory nature but is not capable of being repaired.

The withdrawal and stay of a litigation, followed by an attempted reappearance, may prejudice the opposing party and delay the progress of the case. Here, the prejudice to defendant is not insignificant because, according to defendant, plaintiff has been occupying the premises at issue without paying rent despite an obligation to do so. There is a claim by the plaintiff that there is a contract to lease and purchase the premises from defendant. This Court previously entered an order canceling the *lis pendens* filed by plaintiff but the existence of plaintiff's lawsuit is not likely to be conducive to a sale of the property by defendant.

■ The Supreme Court has recognized the "disciplinary powers which English and American courts (the former primarily through the Inns of Court) have for centuries possessed over members of the bar, incident to their broader responsibility for keeping the administration of justice and the standards of professional conduct unsullied." *Cohen v. Hurley,* 366 U.S. 117, 123–124, 81 S.Ct. 954, 6 L.Ed.2d 156 (1961). *See In re Goldstein,* 430 F.3d 106, 110 (2d Cir.2005) ("A federal court possesses certain inherent powers 'to discipline attorneys who appear before it.' . . . These includes the powers to 'police the conduct of attorneys as officers of the court' and to impose sanctions for attorney misconduct.") (citations omitted). As then Chief Judge Lumbard noted, "[t]he termination of relations between a party in litigation in a federal court and his attorney is a to withdraw is matter relating to the protection of the court's own officers and is not subject to the doctrine of *Erie* . . . ." *National Equipment Rental, Ltd. v. Mercury Typesetting Co.,* 323 F.2d 784, 787 n. 1 (2d Cir.1963).

The issue of the withdrawing and reappearing attorney does not appear to be discussed frequently in the federal civil case law. Recently, a motion to strike a notice of appearance was filed in an action in which the challenged attorney had withdrawn by reason of non-payment of fees only to later reappear in the same action. *Shimko & Piscitelli v. Woodcock,* 2007 WL 865402 (D.Ariz. Mar.20, 2007). The moving parties, the plaintiffs, argued that it was likely that they would be prejudiced because, upon reappearance, the attorney had sought to extend the date for filing dispostive motions. *Id.* at *4. However, the Court declined to extend the date for dispostive motions reasoning that the defendants, who, in the gap period, were self-represented, knew of the deadline and knew of their obligations to comply with it. *Id.* at *3. In ruling on the motion to strike the notice of appearance, the Court concluded that there would be no prejudice to the defendants. *Id.* at *4. Here, as noted, the plaintiff is a non-natural person and a stay of the case became a practical necessity. Defendant Church Loans Investment Trust has been prejudiced by the Withdrawing Attorney's actions because its counterclaim has been stayed.

■ There remains a question of whether an evidentiary hearing is necessary. The Withdrawing Attorney asserts that he did not have the intention to reappear at

1676485 (S.D.N.Y. June 16, 2006) (granting leave to withdraw).

the time he filed his application to withdraw and, hence, he made no affirmative misstatement to the Court. The Withdrawing Attorney draws great comfort from his belief that there was no meeting of the minds—no final decision that he would reappear—until April 20. He further asserts that he was unwilling to file a notice of appearance on April 20—the date set in the Court's Order—because his client had brought a check for $1,000 when he required the payment of an additional $3,000 which did not arrive until April 23. Certainly, if the Withdrawing Attorney were charged in a disciplinary proceeding with "dishonesty, fraud, deceit, or misrepresentation" in a statement to the Court in connection with the original application to withdraw, DR 1–102(4), he would be entitled to a hearing. But the issue presented here is whether a belated filing of a second notice of appearance by a party should stand, an issue on which the admitted facts are sufficient to permit the conclusion reached here. The Withdrawing Attorney acknowledges that he was contacted on or about April 15, 2007 by a representative of plaintiff requesting a mutually agreeable installment payment; this was followed by a call from a representative of a lender to plaintiff who stated that his company would lend the funds to plaintiff to finance the lawsuit. (Letter of April 24, 2007, at p. 1) When the Withdrawing Attorney elected to entertain the entreaties of his client and his lender to reappear in the action as early as April 15 (as distinguished from rejecting them in view of the supposed breakdown in the attorney-client relationship), he should have advised the Court and his adversary that a discussion or negotiation was in progress that might change the purpose of the stay period. Moreover, the decision not to file the notice of appearance by the April 20 deadline was a conscious, volitional act by the Withdrawing Attorney with full knowledge of the likely consequences as outlined in the Order. (Order of March 14, 2007; Doc # 68).

 But, lest the consequences to plaintiff be unduly harsh, I will, in the interests of justice, vacate the dismissal. I will give plaintiff Life Dome until June 18, 2007 at 5 p.m. to cause a notice of appearance to be filed on its behalf by a person other than Mr. Spinnell. All other applications for relief by any party are denied.

PLAINTIFF LIFE DOME CINEMA MINISTRY A/K/A LIFE DOME CINEMA MINISTRIES IS ADVISED THAT, BECAUSE IT IS NOT A NATURAL PERSON, IT IS NOT PERMITTED TO APPEAR IN THIS COURT TO PURSUE A LAWSUIT, EXCEPT THROUGH AN ATTORNEY WHO IS ADMITTED TO PRACTICE IN THIS COURT. WITHOUT AN ATTORNEY OF RECORD, PLAINTIFF MAY NOT PROCEED WITH THIS LAWSUIT.

IF, BY JUNE 18, 2007, PLAINTIFF FAILS TO CAUSE A NOTICE OF APPEARANCE TO BE FILED WITH THIS COURT BY AN ATTORNEY ADMITTED TO PRACTICE BEFORE THIS COURT OTHER THAN ANDREW J. SPINNELL, THE COURT, UPON LETTER APPLICATION BY ANY PARTY, MAY (AND, INDEED, LIKELY WILL) DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO PROSECUTE AND/OR FAILURE TO COMPLY WITH THIS ORDER. DISMISSAL OF THE PLAINTIFF'S CLAIMS MEANS THAT THIS LAWSUIT WILL BE OVER AND THAT THE PLAINTIFF LIFE DOME CINEMA MINISTRY a/k/a LIFE DOME CINEMA MINISTRIES WILL OBTAIN NO RELIEF IN ITS FAVOR.

SO ORDERED.