**Mark AWOLESI, M.D., Plaintiff,**

**v.**

**Eric SHINSEKI, Secretary, Department of Veterans Affairs, Defendant.**

**No. 10–cv–6125 EAW.**

United States District Court,
W.D. New York.

Signed July 18, 2014.

Ryan Charles Woodworth, The Woodworth Law Firm, Rochester, NY, for Plaintiff.

Kathryn L. Smith, U.S. Attorney's Office, Rochester, NY, for Defendant.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

## I. INTRODUCTION

One month before the jury trial in the above-captioned employment discrimination lawsuit was scheduled to commence, Plaintiff's counsel Ryan Charles Woodworth filed a motion to withdraw, contending that his client, Plaintiff Mark Awolesi, M.D. ("Plaintiff"), had fired him. (Dkt. 63). Faced With sworn affidavits from both Mr. Woodworth and Plaintiff indicating that the attorney-client relationship had been terminated, the Court granted the motion to withdraw and adjourned the scheduled trial. That decision was communicated to the parties by Text Order entered on July 11, 2014. (Dkt. 65). Nonetheless, the tactics of Mr. Woodworth's claimed eleventh-hour firing are troubling, and the statements that Mr. Woodworth has made to the Court on this subject are conflicting. As a result, this Decision and Order is issued to memorialize the events that have led the parties to the present circumstances and to explain the Court's reasoning for granting the motion to withdraw and adjourning the trial.

## II. BACKGROUND

Plaintiff commenced this lawsuit on March 11, 2010,[1] alleging race-based dis-

---

1. Both Plaintiff and Mr. Woodworth state in their affidavits submitted in support of the motion to withdraw that the above-captioned lawsuit was commenced on "March 11, 2013." (Dkt. 63–1 at ¶ 3; Dkt. 63–2 at ¶ 2). These statements are incorrect. The litigation

crimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* based upon his employment as a cardiothoracic surgeon at the Department of Veterans Affairs at the Buffalo VA Medical Center. (Dkt. 1). At the commencement of this lawsuit, Plaintiff was represented by Christina A. Agola, Esq., of the law firm Christina A. Agola, PLLC. (Dkt. 1; Dkt. 63–1 at ¶ 4; Dkt. 63–2 at ¶ 3). Mr. Woodworth, acting as an associate of Christina A. Agola, PLLC, appeared as an attorney of record on September 4, 2012 (Dkt. 36), and handled various matters for Plaintiff in connection with the lawsuit (Dkt. 63–1 at ¶ 5).

On February 7, 2013, the Honorable Michael A. Telesca, United States District Judge, granted in part and denied in part Defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56. (Dkt. 40). Plaintiff filed a motion for reconsideration of that decision and Judge Telesca denied the motion on April 29, 2013. (Dkt. 48). The remaining claims to be tried involve a hostile work environment claim and limited retaliation claims. (Dkt. 40).

In September 2013, Ms. Agola was suspended from the practice of law. (Dkt. 63–2 at ¶ 5; Dkt. 63–1 at ¶ 6). On October 30, 2013, Mr. Woodworth wrote to Judge Telesca advising that he had been contacted by Plaintiff to represent him in connection with the lawsuit and that he was considering handling the matter, but he needed more time to review the file. (Dkt. 49). Shortly thereafter, on November 21, 2013, Mr. Woodworth filed a notice of substitution of counsel for Plaintiff on behalf of his new law firm, The Woodworth Law Firm. (Dkt. 50). Both Mr. Woodworth and Plaintiff now contend that Mr. Woodworth never intended to try the case on his own. Rather, due to Mr. Woodworth's "lack of trial experience," he allegedly intended to

secure "experienced trial and employment discrimination attorney, Steven Laprade, Esq., to assist as co-counsel in this matter" if the case proceeded to trial. (Dkt. 63–2 at ¶ 8; Dkt. 63–1 at ¶ 8). Mr. Laprade never appeared as attorney of record on the case, and he unfortunately passed away from a terminal illness on May 31, 2014.

After attempts to mediate the remaining claims were unsuccessful, Judge Telesca transferred this matter to the undersigned on April 25, 2014. (Dkt. 55). On May 13, 2014, the Court conducted a trial date status conference, and the jury trial in this matter was scheduled to commence on August 11, 2014. (Dkt. 57, 58). Mr. Woodworth made no mention of Mr. Laprade's involvement at that status conference. Instead, at the conference on May 13, 2014, Mr. Woodworth represented to the Court that he intended to enlist the assistance of another attorney (Andrew Fleming, Esq.), and that Mr. Fleming was not available for trial until after June 30, 2014. (Dkt. 58). To date, Mr. Fleming has not appeared as attorney of record on the case.

The Court issued a Pretrial Order on May 16, 2014. (Dkt. 57). With respect to the trial date of August 11, 2014, the Pretrial Order indicated as follows:

> This is a day-certain trial that will not be adjourned except for the trial of criminal cases which take precedence pursuant to 18 U.S.C. § 3161.

(*Id.* at 1). The Pretrial Order also set July 14, 2014, as the deadline for the parties' pretrial submissions. (*Id.* at 2).

On June 30, 2014, at the request of Mr. Woodworth, the Court held a status conference. (Dkt. 60). At that conference, Mr. Woodworth requested that the trial be adjourned because Mr. Fleming was alleg-

was commenced on March 11, 2010. (Dkt. 1).

edly not available to try the case until "sometime toward the middle of October or thereafter" due to trials scheduled in August and September. (*Id.*). Mr. Fleming still had not appeared as attorney of record on the case, and Mr. Woodworth was unable to provide any specifics as to the allegedly conflicting trial(s) that prevented Mr. Fleming's participation. Defendant did not join in the request for an adjournment, and the Court denied Plaintiff's request for adjournment. (*Id.*).

Then, on July 7, 2014, the Court received correspondence from both Mr. Woodworth and Plaintiff indicating that Plaintiff had discharged Mr. Woodworth as his counsel. A status conference was held on July 10, 2014, with Mr. Woodworth, Plaintiff, and Defendant's counsel in attendance. (Dkt. 62). At that conference, based upon both Plaintiff's and Mr. Woodworth's statements, it appeared that Mr. Woodworth's discharge was orchestrated for the purpose of seeking an adjournment of the trial date. Defendant objected to any adjournment under the circumstances. The Court directed Mr. Woodworth to file a formal motion to withdraw pursuant to this Court's Local Rule of Civil Procedure 83.2(d), and to indicate under oath that he had been discharged. That same day, Mr. Woodworth filed a motion to withdraw supported by affidavits signed by himself and his client indicating that he had been discharged. (Dkt. 63).

## III. DISCUSSION

The Court is disturbed by the apparent manipulation of the rules in order to obtain a requested adjournment of a trial after refusal of the request. In other words, faced with the prospect of an approaching trial date that the Court would not adjourn, Mr. Woodworth advised Plaintiff that he could terminate their relationship with the hope of then obtaining the re-

quested adjournment that the Court would not otherwise grant. Indeed, both Mr. Woodworth and Plaintiff essentially concede that they employed these tactics. (Dkt. 63–1 at ¶ 16; Dkt. 63–2 at ¶ 17). Also concerning are the inconsistencies with respect to Mr. Woodworth's representations to the Court. Nonetheless, as discussed below, the Court concludes that it must grant the motion to withdraw and adjourn the trial.

### A. Motion to Withdraw

Under this Court's Local Rules, an attorney who has appeared as attorney of record may withdraw only by court order, or by stipulation, in accordance with the following:

(1) An attorney of record may file and serve a Motion to Withdraw as Attorney.... The Court may grant the motion upon a finding of good cause.

(2) An attorney may withdraw upon a stipulation endorsed by the client and by all counsel of record and unrepresented parties in the case. The stipulation shall be effective when signed by the Clerk of Court.

L.R. Civ. P. 83.2(d). Here, Defendant will not consent to the withdrawal of counsel. (Dkt. 64). As a result, Mr. Woodworth may only withdraw by court order.

Although "an attorney can be dismissed by a client at any time regardless of cause," *see Heck–Johnson v. First Unum Life Ins. Co.*, No. 9:01–CV–01739 (GLS/RFT), 2006 WL 1228841, at *3 (N.D.N.Y. May 4, 2006), "[d]istrict courts are due considerable deference in decisions not to grant a motion for an attorney's withdrawal." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir.1999). "In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'"

*Id.* (quoting *Brown v. Nat'l Survival Games, Inc.,* No. 91–CV–221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994)) (alteration in original).

■ "When a court denies an attorney leave to withdraw it is usually because the client's rights will be prejudiced by the delay necessitated in obtaining replacement counsel or because the court's trial calendar will be adversely affected." *Welch v. Niagara Falls Gazette,* No. 98–CV–0685E(M), 2000 WL 1737947, at *3 (W.D.N.Y. Nov. 17, 2000). Here, the request to withdraw, filed just days before the pretrial submissions were due and one month before the scheduled jury trial, would unnecessarily delay this case and adversely impact the Court's trial calendar.

■ However, while "[c]onsiderations of judicial economy weigh heavily in favor of ... giving district judges wide latitude in these situations, ... there are some instances in which an attorney representing a plaintiff in a civil case might have to withdraw even at the cost of significant interference with the trial court's management of its calendar." *Whiting,* 187 F.3d at 321. Specifically, Rule 1.16(b)(3) of the New York Rules of Professional Conduct states, in relevant part: "a lawyer shall withdraw from the representation of a client when ... the lawyer is discharged...." 22 N.Y.C.R.R. § 1200.0. Under those circumstances where the client has terminated the relationship, "by denying a counsel's motion to withdraw, even on the eve of trial, a court would be forcing an attorney to violate ethical duties and possibly to be subject to sanctions." *Whiting,* 187 F.3d at 321. Even where a local court rule requires a court order to withdraw, "when counsel has been discharged—and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances."

*Casper v. Lew Lieberbaum & Co.,* No. 97 Civ. 3016(JGK)(RLE), 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999); *see also Allstate Ins. Co. v. Nandi,* 258 F.Supp.2d 309, 311 (S.D.N.Y.2003) (ordering that movants be withdrawn as attorneys of record where the plaintiff clearly discharged the attorneys). *But see Bruce Lee Enters., LLC v. A.V.E.L.A. Inc.,* No. 1:10 C 2333(MEA), 2014 WL 1087934, at *2–3 (S.D.N.Y. Mar. 19, 2014) (denying attorney's motion to withdraw despite the fact that the attorney's client terminated the relationship, reasoning that the proceedings would be disrupted by counsel's withdrawal because the trial was scheduled to begin in less than one month, and the parties failed to demonstrate why they waited three months after applying for substitution of counsel to file a motion to withdraw).

Here, Mr. Woodworth claims that he has been terminated as opposed to electing to resign. In other words, he submits to the Court that his withdrawal is mandatory, requiring the Court to permit his withdrawal even though the scheduled trial date is one month away. The difficulty with Mr. Woodworth's argument is that it appears Mr. Woodworth's firing was orchestrated for the purposes of adjourning the trial date. In other words, the firing did not occur because of a fundamental breakdown in the attorney-client relationship, but rather it occurred to obtain the adjournment that the Court had previously denied.

Moreover, Mr. Woodworth's representations on the subject are conflicting. In support of the motion to withdraw, Mr. Woodworth contends that he had planned for Mr. Laprade to try the case with him and he suggests that it was not until May 2014, around the same time that the trial date was scheduled, that he learned of Mr. Laprade's health issues. (Dkt. 63–1 at ¶¶ 8, 10). Mr. Woodworth then suggests

in his sworn affidavit that after scheduling the trial date, he sought new counsel (Mr. Fleming), but he and Plaintiff were not able to meet with Mr. Fleming to discuss the matter until June 20, 2014. (*Id.* at ¶¶ 11–12). Only then, according to Mr. Woodworth, did he learn of Mr. Fleming's availability, thus prompting the request to adjourn the trial. (*Id.* at ¶¶ 13–14).

The problem with Mr. Woodworth's sworn statements is that they directly contradict his prior representations to the Court. Specifically, at the conference on May 13, 2014, Mr. Woodworth represented to the Court that he intended to try the case with Mr. Fleming and Mr. Fleming would be available after June 30, 2014. No mention of Mr. Laprade was made during that conference. Put simply, Mr. Woodworth's statements to the Court at the May 13, 2014, status conference cannot be reconciled with the statements he makes in his sworn affidavit.

Nonetheless, Plaintiff should not be penalized for the actions of Mr. Woodworth. Plaintiff represented to the Court during the conference on July 10, 2014, that he did not want Mr. Woodworth trying his case, and he has similarly made that representation in a sworn affidavit. (Dkt. 63–2). Based upon the case law discussed above and Rule 1.16(b)(3) of the New York Rules of Professional Conduct, the Court grants the motion to withdraw.

### B. Adjournment of the Trial

Even though the Court grants the motion to withdraw, this does not end the inquiry. The Court must also address whether the trial should be adjourned.

▆▆ A plaintiff may terminate counsel and continue *pro se*. *Antonmarchi v. Consolidated Edison Co. of N.Y.,* 678 F.Supp.2d 235, 239 (S.D.N.Y.2010). Unlike criminal cases, there is no right to counsel in civil cases. Plaintiff had coun-

sel, and chose to release his counsel. Therefore, Plaintiff may continue to pursue his claims at trial *pro se*.

▆ However, Plaintiff requested an adjournment of the trial in order to retain new counsel. "The decision to grant or deny a continuance is within the discretion of the trial judge." *Michelsen v. Moore–McCormack Lines, Inc.,* 429 F.2d 394, 395 (2d Cir.1970) (trial judge did not abuse discretion in refusing to grant an adjournment of the trial). Here, given the approaching trial date and deadline for pretrial submissions, it would not be realistic for new counsel to become involved and be prepared by the August 11, 2014 trial date. Similarly, Plaintiff would not have sufficient time to prepare to proceed *pro se*. Particularly in view of the fact that the Court cannot attribute Plaintiff's current *pro se* status to any fault on the part of Plaintiff, the Court exercises its discretion and finds that the trial should be adjourned to afford Plaintiff time to secure new counsel or prepare to proceed *pro se*.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for Mr. Woodworth to withdraw as counsel (Dkt. 63) is granted. Moreover, for the reasons set forth above, the trial scheduled to commence on August 11, 2014, is hereby adjourned. Plaintiff shall notify the Court on or before August 11, 2014, as to the identity of new counsel or that he intends to continue *pro se*.

SO ORDERED.